## SUPREME COURT.

### Schermerhorn agt. Van Voast.

It is no ground for the readjustment of costs, that the clerk before whom they are adjusted refuses to allow 50 cents for entering the judgment. This fee belongs to him and he has a right to refuse it.

An affidavit for allowance of travel fees of a witness is defective where it does not state the distance *travelled* by him as such (5 *Hill*, 595; 2 *R. S.* 653, § 7). The statement merely of his residence, and the distance from where the trial is had, and his attendance, is insufficient.

Where costs are adjusted upon opposition, and the amount inserted in the judgment, which is afterwards paid, it is too late to move for a readjustment of the costs.

A party in interest can not be a witness, consequently can not be allowed fees for travel and attendance as a witness.

*Schenectady Special Term July* 1851. On the 25th day of April 1851, the costs in this cause were adjusted upon notice, and opposition, by the clerk of the county of Schenectady at $34·82. The bill presented by the attorneys for the plaintiff amounted to $49·70½; of the items claimed on the part of the plaintiff, the clerk disallowed 50 cents for entering judgment; $1·50 out of $3, for the attendance of witnesses two days each, and $12·88 charged for travelling fees for Jacob M. Schermerhorn from the place of his residence in the county of Cortland, to the city of Schenectady. After the costs were adjusted and the plaintiff's attorneys knew what items had been disallowed, they insisted that the judgment should be entered and docketed, although the defendant was present and offered to pay the damages recovered in the cause and the costs as they were adjusted; but after the judgment was entered, and on the same day, the defendant obtained specie and went to the office of the plaintiff's attorneys and paid the judgment, and the attorneys gave him a receipt for $366·77, therein stating that that sum " being the amount of the recovery in this cause, viz, $331·95 damages, and costs adjusted by the clerk, at $34·82, making together the judgment docketed by the clerk, &c." There is no intimation in the receipt, nor does it appear that any was given to the defendant at

Schermerhorn agt. Van Voast.

the time he paid the judgment, that an application would be made for a readjustment of the costs.

On the 31st day of May 1851, the attorneys for the plaintiff gave notice to the defendant's attorney that a motion would be made at a special term of this court, thereafter to be held at the court house in Schoharie, for an order referring back the bill of costs to the clerk of the county of Schenectady for readjustment, by allowing to the plaintiff the several charges stricken out by the said clerk. The motion was made and granted by default, but the default was set aside, and the motion is now renewed.

CADY, Justice.—The fee of 50 cents for entering the judgment belonged to the clerk, and he had a perfect right to refuse to insert it in the adjustment of costs. The affidavit of B. F. Potter shows that the cause was called on the first day of the last circuit in Schenectady and the trial postponed at the request of one of the attorneys for the plaintiff, and that the cause was tried on the second day of the circuit, that the three witnesses for whose attendance two days each was claimed, resided in the city of Schenectady, and that one of them did not attend on behalf of the plaintiff. This affidavit shows that the clerk ought to have deducted $2, instead of $1·50, from the charge of $3, for the attendance of three witnesses two days each.

The only remaining item was the charge of $12·88 for the traveling fees of Jacob M. Schermerhorn.

No affidavit was submitted to the clerk in support of that claim, except that of Edward Rosa, Esquire, in which it was stated " That Jacob M. Schermerhorn, who resides in Homer, Cortland county, duly attended as a witness in this cause on behalf of the plaintiff; that he resides one hundred and sixty-one miles from the city of Schenectady where this cause was tried; that he attended one day and was a necessary witness." The clerk held this affidavit insufficient to warrant any allowance for the travel of Mr. Schermerhorn, and the clerk's decision is fully supported by the opinion of the late Supreme Court in the case of Ehle vs. Bingham (4 *Hill*, 595; 2 *R. S.* 653, § 7). It is not claimed on the part of the plaintiff, that he has since the adjustment of the

costs discovered evidence of any fact not then known, showing that an allowance for the travel of J. M. Schermerhorn ought to be made.

This motion may be regarded as a motion for a new trial as respects the costs; but a new trial is not to be granted because the party who asks for it neglected to bring forward all the evidence in his power to support his claim.

Again, suppose a jury erroneously reject one half the items of a plaintiff's account, but he enters up judgment on the verdict, and receives payment, it will then be too late for him to move for a new trial. Had he intended to move for a new trial he should have done it before he entered judgment on the verdict. So in this case, after the plaintiff knew how the clerk had adjusted the costs, if he then intended to move to have the costs readjusted, he should not have entered judgment for them as adjusted and received payment of the judgment. This as I understand the case is an answer to this motion.

Another answer was given to the allowance of traveling fees to Jacob M. Schermerhorn. The defendant swore that Jacob M. Schermerhorn was the plaintiff in interest as he believed. Benjamin F. Potter, in his affidavit states that the said Jacob M. Schermerhorn was, as he believes, the real plaintiff in this action; and that the plaintiff's attorneys well knew that the said Jacob was the real plaintiff in interest; and that the said attornies on the day that the judgment was paid deposited the amount of the damages in the Mohawk Bank to the credit of the said Jacob and sent him a certificate of deposit therefor.

Although a party making a motion is not ordinarily allowed to read affidavits in support of his motion, copies of which have not been served, yet in cases where the affidavits read in opposing a motion, introduces new matter which may operate as a surprise upon the moving party, he is sometimes allowed to have the motion stand over for the purpose of obtaining affidavits to contradict or explain the new matter alleged, especially when the new matter may tend to charge the moving party with bad faith; but in this case there was no request for leave to contradict the

allegation that Jacob M. Schermerhorn was the plaintiff in interest in this cause.

The affidavits on the part of the defendant unexplained, warrant a belief that Jacob M. Schermerhorn was the plaintiff in interest; and if so he could not have been sworn as a witness had he been offered as such. But independent of that objection, I am of opinion that the motion ought to be denied, with ten dollars costs.