---

## SUPREME COURT.

### FORD agt. MONROE.

The sum paid to a witness, on serving a subpœna, for one day's attendance and for mileage, can not be recovered back by the party paying it, unless the witness has failed, without a reasonable excuse, to attend the court in obedi-dience to the subpœna.

If the cause be settled by the parties, after the service of the subpœna, or be put off by the court or the parties, the witness is not bound to refund, though he is then excused from attending.

It *seems*, the witnesses fees are intended, as well to compensate them for their trouble and expense in arranging their affairs preparatory to attending court, as for their actual expenses and loss of time in attending.

*Essex Special Term, July* 1851.

C. B. WRIGHT, *for Plaintiff.*
JAMES & BROWN, *for Defendant.*

WILLARD, Justice.—After this action was noticed for trial at the St. Lawrence circuit in February last, and a convenient time

before the circuit, the defendant's attorney subpœnaed his witnesses, who resided about thirty miles from the court house, and tendered to them their fees for one day's attendance and mileage, which they accepted.   Shortly after this, the plaintiff obtained a commission, which threw the cause over the circuit, but the plaintiff was ordered to pay the defendant's costs, for that circuit. The defendant claimed that the sum paid to his witnesses on subpœnaing them should be taxed against the plaintiff although the witnesses did not attend.   The non attendance of the witnesses was occasioned by a notice from the plaintiff that an order had been granted staying the proceedings, but the witnesses declined to refund to the defendant the money tendered, alleging that it was not more than equivalent to their trouble in preparing their affairs to obey the subpœna.   The clerk refused to tax said fees, and the defendant applied at the special term for an order on the clerk, directing him to tax the same.

The charges at the June circuit, disallowed by the clerk, rested upon the same principle.   The witnesses in both cases were shown to be material, and their failure to attend was not owing to their fault.

If the witnesses were entitled to hold the money tendered, as against the party subpœnaing them, it is a fair disbursement against the adverse party, unless the failure of the witnesses to attend was occasioned by the party claiming the allowance.   The 311th section of the Code requires the clerk to insert in the record, among other things, the necessary disbursements allowed by law to be stated in detail and verified by affidavit.

By the Revised Statutes (2 R. S. 400, § 42) it is required, on serving a subpœna, to pay or tender to each witness the fees allowed by law to such witness for travelling to and returning from the place where he is required to attend, and the fees allowed for one day's attendance.   These fees, by the law of 1840, p. 231, are fifty cents for each day, and if the witness resides more than three miles from the place of attendance, traveling fees at the rate of four cents per mile going and returning.   A witness duly subpœnaed is bound to attend according to the com-

Ford agt. Monroe.

mand of the subpœna; and for every failure, without a reason-
able excuse, it is enacted that he shall be deemed guilty of a
contempt of the court out of which the subpœna issued, shall be
responsible in the proper action to the aggrieved party for the
loss and hindrance sustained by such failure, and for all other
damages sustained thereby; and shall forfeit to the aggrieved
party the sum of fifty dollars, in addition to such damages (2 R.
S. 400, § 43). The sum tendered to a witness on serving the
subpœna, is a *disbursement allowed by law*, within the meaning
of the Code. It belongs to the witness and can not be recovered
back by the party paying it, unless the witness has failed, with-
out a reasonable excuse, to attend the court in obedience to the
subpœna. If the cause be settled by the parties, after the service
of the subpœna or be put off by the court, or by the parties, the
witness is not bound to refund, though he is then excused from
attending. By accepting the money, the witness impliedly agrees
to perform the duty enjoined upon him by the writ. The settle-
ment of the suit by the parties, or the postponement of it, works
a discharge of the witnesses liability, to attend court, but does
not impair his right to retain the money tendered to him. That
was paid him as well to compensate him for the trouble and ex-
pense of making preparation for his journey, as for his actual
expense and loss of time in attending court. It can not be re-
covered from him unless he has been in fault.

In Booth vs. Smith (5 *Wend.* 107), the witness did not attend
the circuit until after the trial. The court said his fees could not
be taxed against the adverse party, for being in fault, he could not
recover them from the party by whom he was subpœnaed. The
same doctrine was advanced in 3 *Hill,* 457. In that case the wit-
nesses of the plaintiff were prevented by accident from attending
the first day; and when the cause was put off on the second day
of the circuit on payment of costs, it was held the plaintiff was
entitled to the witnesses fees for the first day. Here there was
no fault of the witness. If he was in fault and could not recover
from the party subpœnaing him, the latter could not against the
adverse party. In Ehle vs. Bingham (4 *Hill,* 595), it was held

that fees paid to witnesses who did not attend court could not be taxed as a part of the costs in the cause. The decision went upon the ground that the witnesses *wrongfully* failed to attend, and were therefore liable to refund to the party by whom they were subpœnaed.

In the present case, there was no fault of the witness or the party. The money was properly tendered to and accepted by the witness when he was subpœnaed, and he did nothing to forfeit his right to retain it.

The 7th section of the act relative to the taxation of costs (2 R. S. 653), enacts that charges in the bill of costs for the *attendance* of witnesses can not be taxed without an affidavit stating the distances they respectively traveled, and the days they actually attended. This applies to cases whe e the charge is made for actual attendance at court, and not to a case like the present, when it is not pretended that the witnesses appeared at court.

It is insisted that this motion can not be entertained, because the bill of costs has been paid by the plaintiff to the defendant's attorneys. The proof is that on the day before the motion papers were served in this case, the plaintiff's attorney paid the costs as taxed, to the clerk of the defendant's attorneys, who gave a receipt therefor in the name of the attorneys. There is no pretence that such receipt was intended as a bar to any right on the part of the defendant to question the correctness of the taxation. In Day vs. Beach (1 *How. Pr. R.* 236), the payment was a settlement of the controversy. In Harris vs. Scofield, MS. in this court, decided in July 1851, the costs were voluntarily paid by the party against whom they were taxed, and without objection. I thought he was concluded by that act from a subsequent appeal; but there were other grounds for denying the motion, and that point was not necessarily passed upon by the court. There could be no objection to the defendant's attorney receiving what the plaintiffs admitted was their due. The present motion is based upon the supposition that they were entitled to more. I think they are not precluded from making it, by the payment of the sum taxed to their clerk.

The county clerk of St. Lawrence county should have allowed on taxation the witnesses fees as charged in the bill. The sum, therefore, of $34·80 is directed to be added to the bill and inserted in the record of judgment.