## SUPREME COURT.

BARTHOLOMEW LOGAN agt. DANIEL THOMAS and JEREMIAH HALEY.

If a *party* to an action can, in any case, where he is sworn and testifies as a witness on his own behalf, recover *fees as a witness*, (which is doubted,) such fees cannot be taxed on the ordinary affidavit. To authorize the allowance, he should be required to show that he did not attend as a party; nor did not attend to conduct the trial of the cause; and that the sole purpose and intent of his attendance, was as a witness.

The proper affidavits for an allowance of costs on taxation, should be presented to the *taxing officer;* because, on appeal from the taxation, no other affidavits than those used before the taxing officer can be read on the appeal.

*Erie Special Term, March 29, 1855.*

MOTION by defendants for a re-adjustment of their costs, in the nature of an appeal from an adjustment thereof, by the clerk of Erie County.

The defendants having obtained a verdict in their favor which entitled them to a judgment for costs, presented a bill of their costs to the clerk for adjustment, in which bill were the following items:

" Three witnesses' travel fee from New-York to Buffalo, for June term, 423 miles each, $101.52. Three witnesses' travel fee from New-York to Buffalo, for January term, 423 miles each, $101.52. Three days' attendance as witnesses, June term, $1.50. The same at January term, $1.50."

The only evidence presented to the clerk, of the defendants' right to have the witnesses' fees taxed, or allowed, was the affidavit of their attorney, stating that the disbursements charged in the bill had been, or would be, necessarily incurred in the action; that Daniel Thomas, Jeremiah Haley and Alanson Lee were in attendance, as witnesses in the said action, at Buffalo, during the June term, 1854, and the January term, 1855, each one day; that the distance from New-York, where they lived,

to Buffalo, by the "straitest" route, is 423 miles; and that the said witnesses were material on the trial of the cause, and were sworn and used as witnesses therein.

Thomas and Haley, two of the witnesses named in the affidavit, are the defendants in the action.

The plaintiff objected before the clerk, to the allowance of any fees for the travel or attendance of the defendants as witnesses; and the clerk sustained the objection, and deducted from the bill $137.36, as so much charged therein for such travel and attendance.

The appeal is from the decision of the clerk sustaining the objection and making the deduction.

W. ROBERTSON, *for defendants.*
CHARLES DANIELS, *for plaintiff.*

BOWEN, Justice. The affidavit presented to the clerk on the adjustment of the costs, was insufficient to authorize the allowance of any travel fees of witnesses. It merely stated that the witnesses attended court and were examined as witnesses, and the distance of their residences respectively from the place of attendance. It should have stated that they traveled from their residences to the place where the trial of the cause was had, for the purpose of attending as witnesses. (4 *Hill,* 595; 5 *How. Pr. Rep.* 458.)

The plaintiff, however, only objected to the allowance of fees for the travel and attendance of two of the witnesses named in the affidavit, to wit, of the defendants. The clerk was, therefore, right in taxing fees for the one witness.

The affidavit, however, was sufficient to authorize the allowance of fees for the attendance of witnesses as charged, had not two of the witnesses whose attendance was shown, been the defendants themselves; and the question presented to the clerk, and on which he passed, was, whether a party to an action, when he introduces himself as a witness on his own behalf, should have witness' fees taxed for his own travel and

attendance, under an affidavit such as was presented in this case.

In litigated cases, as it would appear this was, the parties thereto ordinarily attend the trials thereof when they do not expect to, and cannot, introduce themselves as witnesses. It is usually deemed necessary for them to do so; and if they attend as parties litigant, for the purpose of protecting their interests on the trial, they should not be allowed to recover fees as witnesses, although they might be sworn as such. In such cases, the inference would be, in the absence of proof to the contrary, that they attended as parties, and not as witnesses; that the primary and principal object of their attendance was to attend to their interests generally on the trial.

I very much doubt whether, in any case, a party, where he is sworn and testifies on his own behalf, should recover fees as a witness. But, if otherwise, such fees should not be taxed on the ordinary affidavit. To authorize the allowance, he should be required to show that he did not attend as a party, nor to attend to the conduct of the trial of the cause; and that the sole purpose and intent of his attendance was as a witness. In England, it has been held that a party, in such a case, may, under some circumstances, be allowed fees or expenses as a witness. (*Howes* agt. *Barber*, 10 *Eng. Law and Equity Rep.* 465.)

But Lord CAMPBELL, in giving the opinion of the court in the case cited, says :—" The simple fact of their (parties to actions) being examined as witnesses, must by no means be considered sufficient to establish a claim for their expenses as witnesses; and, if it appear that their attendance was unnecessary, or that they attended to superintend the trial of the cause, the claim ought to be rejected."

I think that the clerk, on the evidence before him, was right in making the deduction from the bill.

The defendants now present affidavits for the purpose of showing that they attended the trial solely as witnesses, and that they were material and necessary, and would not have attended had it not been necessary for them to have done so as

witnesses. These affidavits further show that the suit was brought by the plaintiff as the assignee of a thing in action; and that notice had been given by the plaintiff, of his intention to examine his assignor as a witness on the trial, and that he was so examined.

But these affidavits cannot be considered on this appeal. The only question before the court is, whether the decision of the clerk, on the evidence before him, was right? These affidavits should have been presented to the clerk on the adjustment. Had they been presented to him, it is unnecessary to decide what his action thereon should have been.

The motion for re-adjustment must be denied.