## SUPREME COURT.

### D. BURR WHEELER agt. JOHN LOZEE.

It is not material to the adverse party, whether the witnesses opposed to him attend in obedience to a subpœna or by agreement, as there is now no fee for the service of a subpœna.

Witnesses are entitled to their fees from the party at whose instance they attend, whether they are subpœnaed or not.

And it is not necessary that it should be proved to the clerk, on the adjustment of costs, that the witnesses were subpœnaed.

Where no subpœna is used by a party to procure the attendance of his witnesses, persons whose fees he seeks to charge to his adversary must be *his witnesses*, in the action. And where no subpœna is served on them, they cannot be considered his witnesses unless they were examined as such, or attended the trial as his witnesses, at his request, or by agreement; such request or agreement must be stated in terms in the affidavit of their attendance, or be clearly inferrable therefrom.

A witness residing out of the state is entitled to fees for the number of miles he travels from the boundary line within the state to the place of trial. This distance should be estimated by the nearest usually travelled route. And due regard should be had to his residence in the foreign state, and the place where, by the usually travelled route, he would come to the state line. And these facts should be stated in the affidavit used on taxation.

If a foreign witness travels from his residence to the place of trial *for the purpose* of attending as a witness, he may then be subpœnaed, and his travel fees will be allowed as a foreign witness. Otherwise, if he attends the trial not for the purpose of being a witness, although he is subpœnaed at the trial.

The party must show, by affidavit, the name and place of residence of each of his witnesses; the distances they severally resided from the place of trial, according to the usually travelled route; and the number of miles they respectively

Wheeler agt. Lozee.

travelled *as such witnesses*, for the purpose of going to the place of trial and returning therefrom, and that they were material and necessary, or that the party believed them to be so. If any witness is subpœnaed at a temporary residence, that fact should be stated.

*Madison General Term, May,* 1856.

*Present,* SHANKLAND, GRAY and BALCOM, *Justices.*

THIS was an action tried before a referee at Ithaca, who made a report for the defendant. On the adjustment of the defendant's costs by the clerk of Tompkins county, the plaintiff objected to the clerk allowing the defendant fees for Charles Rockwell and Ezra Lozee, travelling 273 miles each, as witnesses in the action. It was shown they resided in Ohio, and that each of them attended one day as a witness for the defendant before the referee. The defendant's affidavit stated they actually travelled within this state *in order to attend said trial* the distance aforesaid; and that they were necessary and material witnesses for the defendant on the trial of the action, as he was advised by J. A Williams, Esq., of Ithaca, his counsel, and verily believed; but the defendant did not state that said Rockwell and Lozee attended before the referee as such witnesses in obedience to a subpœna or at his request.

It was further proved to the clerk, by the affidavit of the law partner of the defendant's attorney, that Rockwell was examined as a witness for the defendant on the trial; that the defendant was advised of the materiality of said Rockwell and Lozee, and of the necessity of procuring their attendance; that between the time of noticing the cause for trial and the time of trial, there was not sufficient time to take their testimony by commission; that the defendant was so advised by his attorney.

The grounds of the objection to the allowance of travel fees for said witnesses, were, that before fees for travel can be taxed it must appear, by affidavit, that the witnesses were subpœnaed or at least attended the trial on request; that the distance was overcharged from the boundary line of this state, and that it did not exceed 250 miles from the state line to Ithaca.

The clerk disallowed the charge for travel fees of said wit-

nesses.   The defendant appealed to the Tompkins special term, where the affidavit was held sufficient to authorize the allowance of such travel fees, and the decision of the clerk was reversed, and a re-adjustment of the costs was ordered.

The plaintiff appealed from the decision at the special term to the general term.

SAMUEL LOVE, *for plaintiff.*
BRUYN & WILLIAMS, *for defendant.*

By the court—BALCOM, Justice.   The process of subpœna is given to a party to enable him to *compel* the attendance of his witnesses at the trial; but there can be no absolute necessity for using such process when witnesses will voluntarily attend without it.   As matter of prudence, parties should subpœna their witnesses; but it cannot be material to the adverse party wether the witnesses opposed to him attend in obedience to a subpœna or by agreement, as there is now no fee for the service of a subpœna.   (*Jackson* agt. *Hoagland,* 1 *Wend.* 69; *Willink* agt. *Reckle,* 19 *id.* 82.)

Witnesses are entitled to their fees from the party at whose instance they attend, whether they are subpœnaed or not.   The non-service of a subpœna would be no defence for the party when sued by a witness for his fees, who had attended as his witness at his request.   Nor is it possible to perceive how the want of a subpœna can relieve the unsuccessful party from the payment of the fees of his adversary's witnesses.   There is nothing in the statute that countenances such a proposition. (*Laws of* 1840, *p.* 331, § 8; *Hurd* agt. *Swan,* 4 *Denio,* 79.)   It is not necessary that it should be proved to the clerk, on the the adjustment of costs, that the witnesses were subpœnaed. (*Code,* § 311; 2 *R. S.* 653, § 7.)

When no subpœna is used by a party to procure the attendance of his witnesses, persons whose fees he seeks to charge to his adversary must be *his witnesses* in the action.   And where no subpœna is served on them, they cannot be considered his witnesses, unless they were examined as such, or attended the

Wheeler agt. Lozee.

trial as his witnesses, at his request or by agreement, such request or agreement must be stated in terms in the affidavit of their attendance, or be clearly inferable therefrom. The 311th section of the Code says, "The disbursements shall be stated in detail, and verified by affidavit." This section is not in conflict with the former statute prescribing what the affidavit of the attendance of witnesses shall contain. (2 *R. S.* 653, § 7.)

A witness residing out of the state is entitled to fees for the number of miles he travels from the boundary line within the state to the place of trial. (*Howland* agt. *Lenox*, 4 *John.* 311; *Hinds* agt. *Schenectady County Mutual Insurance Co.*, 7 *How. Pr. R.* 142.) This distance should be estimated by the nearest usually travelled route, from the boundary line of the state to the place of trial, by the usual modes of public conveyance. (*Willkie* agt. *Chadwick*, 13 *Wend.* 50.) Due regard should be had to the residence of the witness in the foreign state, and the place where he would come to the state line by the usual mode of public conveyance in travelling from his residence to the place of trial. He should not be required to travel a shorter route, on which there is no public conveyance, nor would he be justified in going an unreasonable distance round for the sole purpose of finding a public conveyance. Reasonableness in the application of the rule is what should be required.

The affidavit in this case fails to show in what part of Ohio the witnesses resided, or where they came into this state, or where they would have crossed the state line by the most usual travelled route. (4 *Hill*, 595.) The affidavit is defective according to the construction put upon the statute both before and since the Code.

It has been held that a foreign witness who was subpœnaed at the place of trial, was not entitled to travelling fees. (*Bank of Niagara* agt. *Austin*, 6 *Wend.* 548; 6 *How. Pr. R.* 410.) This rule should be confined to cases where the foreign witness has not travelled from his residence for the purpose of attending the trial as a witness, but was at the place of trial for some other purpose.

In *Ehle* agt. *Bingham* (4 *Hill*, 595,) it was held, the affidavit

must state, the name and place of residence of each witness, and the distance travelled by him to reach court. In *Logan* agt. *Thomas*, (11 *How. Pr. R.* 161,) Mr. Justice Bowen said the affidavit should state that the witnesses travelled from their residences to the place where the trial of the cause was had, *for the purpose of attending as witnesses.* The decision in *Schermerhorn* agt. *Van Voarst* (5 *How. Pr. R.* 458) is to the same effect.

In this case it does not appear that the witness, Lozee, was sworn. As he was not subpœnaed, the party should make a clear case to entitle him to his fees. (6 *Hill,* 376 ; 6 *How. Pr. R.* 410 ; 19 *Wend.* 82.) The materiality of both witnesses was sufficiently established. (*Dean* agt. *Williams*, 6 *Hill,* 376.)

The just and true conclusion to be drawn from all the decisions, is that the party must show by affidavit ; the name and place of residence of each of his witnesses ; the distances they severally resided from the place of trial, according to the usually travelled route, and the number of miles they respectively travelled *as such witnesses* for the purpose of going to the place of trial, and returning therefrom ; and that they were material and necessary, or that the party believed them to be so. If any witness is subpœnaed at a temporary residence, that fact should be stated. (*Clark* agt. *Staring*, 4 *How. Pr. R.* 243.)

Applying these rules to the proof of attendance of the witnesses in this action, the same was insufficient to authorize the allowance of the travel fees charged for Rockwell and Lozee.

The order made at the special term is, therefore, reversed.

The defendant has leave to re-adjust his costs before the clerk of Tompkins county, and either party may use new affidavits on such re-adjustment ; but no costs of the motion for re-adjustment, or on the appeal to the general term, are allowed to either party.