ETHAN A. DEUEL, Appellant, *against* EDWARD H. HAWKE, Respondent.

A demurrer to a complaint founded upon an equitable cause of action, was overruled, and Defendant failed to answer within the time limited, whereupon the Plaintiff obtained an order of reference to take proofs in the case. The Defendant then obtained an order to show cause why judgment should not be entered and perfected on the demurrer, and upon hearing under this order, the Court directed " that judgment upon the issue at law be entered and perfected *instanter*, in favor of the Plaintiff, upon the demurrer aforesaid, without the report of the said Referee, or any proofs taken on the part of said Plaintiff."

*Held*, That this was an appealable order under Chapter 9, Section 12, Session Laws of 1853; and

That the entry of judgment on the demurrer under this order would be incorrect, for the reason that after the Plaintiff had taken his proofs, the record would present two final judgments in the same cause.

A Plaintiff cannot be compelled to proceed in an action and enter a judgment, but if he neglects to prosecute unreasonably, the Defendant may have an order of dismissal, under Sec. 162, Subd. 2, Chap. 70, of Revised Statutes, as amended.

JUSTICE FLANDRAU, *Contra, holds that the District Court has full control over its records, its suitors and attorneys, and may compel the performance of any act which it is the duty of a party or attorney to perform in the progress of a suit or proceeding: but it does not follow that it can enforce the entry of one other or different from the one he is entitled to.*

This was an appeal from an order of the Judge of the District Court of Ramsey County, requiring a Plaintiff to enter judgment upon an order overruling a demurrer to a complaint, without waiting to take proofs under an order of reference made in the cause; the complaint being founded upon an equitable cause of action.

The following are the points and authorities of counsel for Appellant:

*First.* This appeal is taken under Sub. 2, of Sec. 11, page 414 of the Revised Statutes, as amended in Session Laws of 1856, Chap. 5, Sec. 11, Subdivision 5.

The order appealed from in effect determines the action and prevents a judgment from which an appeal might be taken.

The appeal also may be sustained under the provisions of Sec. 74, of pages 470 and 471 of the Revised Statutes, Chap. 9, Sec. 12, of Session Laws of 1853.

*Second.* No final judgment could be properly entered in the Court below, except upon proofs taken, and the Court below erred in ordering such judgment without such proofs. *Rev. Stat. p.* 350, *Sec.* 165, *Subdivision* 2, *and p.* 356, *Sec.* 42; *Porter v. Lent*, 2 *Abbotts Pr. Rep.* 115; *Horn v. Doody*, 2 *Abbott's Pr. Rep.* 92; 12 *How. Pr. Rep.* 342.

Deuel v. Hawke.

The following are the points and authorities of counsel for Respondent:

*First.* The Statute provides for trial of two species of issues—issues of fact and issues of law. Also, it provides for the mode of trial and the manner of entering judgment.

The determination of an issue is a judgment, and when nothing further is necessary to complete such determination, the judgment is final. 6 *How. Pr. R.* 127.

Judgment may be entered without any assessment where all the facts are admitted and nothing but a rule for judgment is necessary. 2 *Abb. Pr. R.* 92.

*Second.* The Respondent would lose his remedy if the judgment might be entered as it has been. The time for appealing as for writ of error, would have expired on the 1st of February, 1856. *Vide,* 11 *Wen.* 522; 4 *Hill,* 27.

*Third.* The Defendant, upon the neglect to perfect his judgment, may cause the judgment roll to be filed, and that is all that is incumbent for him to do. 2 *Caine's R.* 385.

The Defendant could not cause an assessment or report to be had, and the neglect of Plaintiff to do so, must be deemed a waiver.

*Fourth.* The entry of judgment does not stand in the way of Plaintiff's proceedings and having his assessments if necessary.

*Fifth.* The order overruling demurrer was a judgment in which a writ of error could issue before it was entered, &c. 14 *Johns. R.* 417. So that what followed, if irregular, was not essential to sustain the writ.

*Sixth.* The order to render judgment is not an appealable order.

BRISBIN & BIGELOW, counsel for Appellant.

D. C. COOLEY, counsel for Respondent.

*By the Court.*—ATWATER, J. The complaint of Deuel, the Plaintiff in this cause, states an equitable cause of action against the Defendant, growing out of a lease of the Winslow House in St. Paul, from the Defendant Hawke, which lease is recited in the complaint. By the terms of the lease, (bear-

ing date the 15th of November, 1855, and continuing for one year,) the Defendant covenanted among other things, to keep the premises in tenantable condition, and also to extend the lease five years after its termination, upon the Plaintiff's complying with certain conditions therein named. The Plaintiff alleges various breaches of the covenant of the Defendant in said lease mentioned, principally in regard to his failure to keep the premises in a tenantable condition, whereby he alleges he has been compelled to expend large sums of money for that purpose, which the Defendant refuses to offset or deduct from the rent. He also alleges that the Defendant refused to extend the time after the first year, as required by the conditions of the lease. The Plaintiff demands a specific performance of this part of the contract, on the part of the Defendant, and also that he may be allowed to deduct from the rent of the premises the amount expended by him for repairs of the premises, &c., and prays for an injunction to restrain the defendant from proceeding to recover possession of the premises, or interfering with the Defendant in his occupation thereof.

The Defendant demurred to the complaint, or to a part of it. The demurrer upon argument before the Hon. A. G. Chatfield, on the 3rd of February, 1857, was disallowed, with leave to Defendant to answer upon the usual terms. The Defendant failed to answer, and on the 10th of September of the same year, the Plaintiff obtained an order of reference, to take proofs in the case. On the 31st of December following, the Defendant obtained an order from the Judge of the Second District, requiring the Plaintiff to show cause on the 1st day of January, 1858, why judgment should not be entered and perfected on the demurrer.

Upon the hearing on the day last named, upon the order to show cause, an order was made by the said Judge, " that judgment upon the issue of law be entered and perfected *instanter*, in favor of the Plaintiff upon the decision of this Court, upon the demurrer aforesaid, without the report of the said Referee, or any proofs taken or to be taken on the part of the said Plaintiff. "

From this order the Plaintiff appeals. It is objected by the

Defendant that the order last made by his Honor Judge Nelson, to perfect judgment on the demurrer, is not an appealable order. Whether or not the appeal can be sustained under Chap. 5, Sec. 11, subd. 5, of the Session Laws of 1856, we have no doubt but that it may be made under Chap. 9, Sec. 12, of the Session Laws of 1853. By reference to Sec. 74, p. 470 & 471, Rev. Stat., it will be found that orders of this kind, in equity cases, were appealable, which provision seems still in force by the section above referred to. The order appealed from was manifestly erroneous; the demurrer having been overruled, left the Plaintiff's case admitted.

The nature of the case was such, however, that no final judgment could properly be entered without taking proofs in respect to the alleged facts. The Plaintiff properly obtained an order of reference for that purpose. Before these proofs were taken, however, the Defendant obtains an order preventing in effect the taking of such proofs, and compelling the Plaintiff to enter judgment for the costs of demurrer only, when the record showed him entitled to the relief demanded in his complaint. The Defendant's counsel claimed upon the argument, that the entry and perfection of judgment on the demurrer, would not prevent the Plaintiff from proceeding to take his proofs and entering judgment thereon afterwards.

This, however, cannot be correct practice. It would present the anomaly of two final judgments in the same cause. No final judgment could be properly entered in the Court below except upon proofs taken; and then the Defendant might have properly brought the whole case before this Court for review upon appeal or writ of error, if he had desired. *Rev. Stat., p.* 350, *Sec.* 165; *Sub.* 2, *p.* 356, *Sec.* 42; *Porter vs. Lent,* 2 Abbott's *Pr. Rep.* 115; *Horn vs. Doody,* 2, *ib.* 92.

From the length of time which intervened between the decision of the Court upon the demurrer, and the order of reference, and from that period to the 31st of December, when the Defendant obtained his order for the Plaintiff to show cause, &c., it might perhaps be presumed, that the Plaintiff had been guilty of such *laches,* as should preclude him from the right of proceeding to take proofs in the case. But this is a presumption which may be rebutted upon a hearing, and

that it was rebutted in this instance, appears conclusively from the order itself. For this states, (after reference to the overruling of the demurrer,) that "the Plaintiff having in *due time* after a waiver by the Defendant, of his privilege of answering, obtained of this Court an order referring it to James Gilfillan," &c., and further, "no laches appearing on the part of either party," &c., from which it is evident that this was not the ground on which the order for entry of judgment was made. But even had the Plaintiff unreasonably neglected to proceed in his case, the Defendant has mistaken his remedy. The proper course in such case, would seem to be for the Defendant to move for a dismissal of the action, under Sec. 162, Subdivision 2, Chap. 70 of Revised Statutes as amended, *vide Sec.* 10 *of amendment.*

We are not aware of any provision of Statute by which the Plaintiff can be compelled to proceed in an action and enter a judgment, but if he neglects to prosecute unreasonably, the Defendant may have an order of *dismissal,* under the amendment above cited, or in certain cases, under Sec. 10, page *353,* of Revised Statutes.

The order appealed from must be reversed, with ten dollars costs to Appellant, and the cause remanded to the Court below for further action.

The following opinion was filed in the same cause, by Mr. Justice FLANDRAU.

I agree fully with Justice Atwater in the conclusions at which he arrives in the opinion of the Court, but not entirely with the reasoning by which he reaches them.

The question involved in this appeal, is one of practice merely. The action was commenced by the service of a summons in November, 1856. The complaint asks that the Defendant be adjudged to execute a lease of premises in the City of St. Paul, as per the terms of an agreement set out in the complaint, and also that the Defendant be adjudged to apply on the rent due on said premises, the amount of an account which the said Defendant owes to the Plaintiff, for various articles furnished by Plaintiff to him, and for repairs made by Plaintiff on said premises pursuant to the agreement

of lease set out in the complaint. To this complaint, the Defendant demurred, and the Court below disallowed the demurrer, and ordered judgment for the Plaintiff thereon, with leave to the Defendant to answer in twenty days on payment of costs.

This decision was made on the 31st of January, 1857. The Defendant did not avail himself of his privilege of answering and the Plaintiff procured an order of reference " to take the proofs in the action, and report the same to this Court."

The time of the allowance of the order of reference does not appear. Pending this order and before any report of the Referee was made, and on the 31st of December, 1857, the Defendant procured an order that the Plaintiff appear before the Judge of the District Court, on the 1st of January, 1858, and show cause why judgment should not be entered and perfected on the demurrer decided by this Court in favor of the said Plaintiff." On the hearing under this last named order, the Judge on the same day, the 1st of January, 1858, made an order reciting the previous history of the case, and ordering as follows : " It is ordered that the judgment upon the issue of law, be entered and perfected instanter, in favor of the Plaintiff, upon the decision of this Court upon the demurrer aforesaid, without the report of the said Referee, or any proofs taken or to be taken on the part of the said Plaintiff." From this order the Plaintiff appeals to this Court.

I am well satisfied that the order was improvidently granted, and that the Plaintiff has taken the proper remedy to relieve himself from its effects.

The decision on a demurrer to a complaint is a judgment, because it is a judicial determination of the issues made by the pleadings, and if in favor of the Defendant, entitles him to a dismissal of the complaint with his costs, and when in favor of the Plaintiff, entitles him to all the relief which the complaint asks, exactly as if no answer had been interposed at all. The Revised Statutes expressly point out the mode to be pursued when the Plaintiff has judgment on an issue of law, declaring that he " may proceed in the manner prescribed by the Statute upon the failure of the Defendant to answer where the summons was personally served." *R. S. p. 356, Sec. 42.* The manner of

Deuel v. Hawke.

proceeding in such cases is distinctly declared in the Statutes, on page 350, Sec. 165.

In this case it was necessary that an account should be taken of the amount of rent due from the Plaintiff to the Defendant, and of the indebtedness of the Defendant to the Plaintiff, that one might be deducted from the other, before the Court could grant the specific relief demanded in the complaint; the Court could have taken this account, or ordered a reference for that purpose in its discretion under the Statutes above cited. But that some method of possessing itself of the facts necessary to render the proper judgment in the case, was essential to be adopted before final judgment, there is no doubt, from the very nature of the facts disclosed by the complaint, and the relief demanded. The Court, it seems, ordered a reference, and as no report was made by the Referee upon which the judgment could be entered and perfected, the Defendant desiring to review the decision of the Court upon the demurrer, undertook to compel the Plaintiff to enter his judgment. It is the duty of the Plaintiff to proceed with reasonable dispatch to perfect his judgment after a decision in his favor on a demurrer to his complaint, in order that the Defendant may take his appeal if he wishes to review it, and the Defendant may call upon the Court to compel such action on the part of the Plaintiff. The District Court has full control over its records, its suitors and attorneys, and may compel the performance of any act which it is the duty of a party or attorney to perform in the progress of a suit or proceeding in that Court, but it does not follow by any means, that the District Court, because it can compel a Plaintiff to enter and perfect the judgment he is by law entitled to, can enforce the entry of one other or different from the one he is entitled to, and should it exercise its authority to such an end, it would be error.

If the Plaintiff in this case was dilatory in the perfection of his judgment, the proper order for the Court to have made on being apprised of the fact, was that the Plaintiff proceed at once and perfect his judgment, or his action should be dismissed this would have given the Defendant all his rights, without violating any of the rights of the Plaintiff; but that the Court could authorize the Defendant to enter the Plaintiff's

judgment, or order the Plaintiff to enter any other than the judgment he is by law entitled to, we cannot admit; such however is the force and effect of the order made in this case by the Court below, and the Plaintiff finds himself with all the facts in his complaint found in his favor, authorizing him to a decree for all he asks, and compelled by the Court to enter a judgment which grants him nothing but the costs of the demurrer. The counsel for the Defendant insists that the judgment to be entered on this order, is a final judgment, for the purpose of review, and that if the Plaintiff succeeds in this Court, he can proceed to enter such judgment as he demands in his complaint. But suppose that after the judgment is entered in pursuance of this order, the Defendant should decline to bring his appeal or writ of error? the result would be a judgment for the Plaintiff that affords him none of the relief he asks and is entitled to. And on the other hand, if the Defendant should bring his writ of error to this Court, (as he has in this case,) and we should hold that the Court below was correct in its *decision* on the demurrer, we would affirm the judgment of that Court, and the Plaintiff would still be without relief; but the counsel for the Defendant says that in such event, the Plaintiff would proceed to perfect such judgment as he was entitled to by the complaint; this view cannot obtain without admitting the anomalous idea of two final judgments in the same action.

A final judgment by the Statutes of Minnesota, is defined to be " a final determination of the rights of the parties in the action." *R. S. page* 349, *Sec.* 158, *and again on page* 360, *Sec.* 73. " The judgment must be entered in the judgment book and must specify clearly the relief granted or other determination of the action." *In Jacob's Law Dictionary, Vol.* 3, *page* 551, a judgment is defined to be " the sentence of the law pronounced by the Court upon the matter contained in the record." *And again on page* 553, " Final judgments are such as put an end to the action by declaring that the Plaintiff has either entitled himself, or has not, to recover the remedy he sues for; in which case if judgment be for the Plaintiff, it is also considered that the Defendant be either amerced for his wilful delay of justice in not immediately obeying the King's

writ, by rendering the Plaintiff his due," &c. &c. These definitions of a final judgment involve the necessity of its being a full determination of all the rights of the parties presented by the record, and containing such a complete grant of relief that no act remains to be done to entitle the party to his rights in the action, but the issuance of the writ of execution to enforce it. It is manifest from the terms of the order, appealed from in this case, that no such judgment could have been entered under it; the order is therefore irregular, and should be reversed.

It was objected that the order was not appealable. We think there can be no doubt that it falls within *Subdivision* 5, *of Sec.* 11, *on page* 414, *of the R. S. as amended by the Laws of* 1856, *on pages* 12 *and* 13, which is as follows : " From an order which in effect determined the action and prevents a judgment from which an appeal might be taken."