## SUPREME COURT.

JOHN ROTH and JAMES C. ROTH agt. ERASTUS MEADS, Sheriff of Clinton County.

Where a party duly subpoenas his witnesses to attend the trial of a cause, and pays them their legal fees, for travel and one day's attendance, he is entitled, where he succeeds in the action, to have such *fees taxed in the costs*, although the witnesses, after going a part of the distance, were informed (as the fact was) that the court would not be held, and returned home.

*Washington Special Term, January*, 1861.

THIS action was duly noticed for trial on the part of the plaintiffs, at the circuit court appointed to be held at Plattsburgh, in the county of Clinton, in October, 1859.

Four witnesses residing in New York city, a distance of three hundred miles from Plattsburgh, and one residing in Utica, two hundred and fifty miles therefrom, were subpoenaed by plaintiffs, and their full fees paid for travel and one day's attendance. The four witnesses from New York, started for the court, three reaching Troy and one Glenn's Falls, where they were informed by telegraph that there would be no session of the court, in consequence of the non-attendance of the judge, appointed to hold the same. These witnesses then returned home. The witness from Utica, reached Plattsburgh, before he learned that there would be no court. The plaintiffs finally obtained a verdict.

Upon the taxation of plaintiffs' costs, before the clerk of Clinton county, they claimed to be allowed the fees of those

Roth agt. Meads.

witnesses for the said October circuit; which was objected to upon the part of the defendant, upon the ground that the same were not taxable, as there was no court; and, if taxed at any amount, it should be for the number of miles actually traveled by the New York witnesses.

The items were disallowed by the clerk. The plaintiffs appealed, and make motion for a re-taxation.

MILES BEACH, *for motion.*

PALMER & ARMSTRONG, *opposed.*

ROSEKRANS, Justice. There must be a retaxation of the costs herein. The clerk should have allowed to the plaintiffs the traveling fees of the witnesses named, from their respective residences to Plattsburgh, and back, and one day's attendance for each. The disbursement was necessarily made, and the witnesses were not in fault for their non-attendance in obedience to the subpoena. They had in good faith commenced complying with its command, and continued to obey it until they were stopped midway in their journey to court, by notice that the court would not be held. Under such circumstances no part of the money paid to them could be recovered back by the plaintiffs. The contract between the plaintiffs and the witnesses was entire and could not be apportioned. The part performance of it by the witnesses under the circumstances was a fulfillment of the whole substance of the contract. Their omission to travel on after they were informed that the court would not be held, worked no injury to any one, and must be regarded as a failure to perform an unimportant and non-essential part of the contract.

In *Ford* agt. *Monroe,* (6 *How. Pr. R.,* 206,) it was held that a settlement of a suit by the parties or a postponement of it worked a discharge of the witnesses' liability to attend court, but did not impair his right to retain the money paid to him, and that it could only be recovered back when the witness was in fault for non-attendance. The motion for retaxation must, for these reasons, be granted.