ORLANDO C. MERRIMAN and others *vs.* WILLIAM T. BOWEN.

### June 11, 1886.

Costs—Taxation—Witness Fees.—It is incumbent upon a party claiming disbursements to show that they are such as he is entitled to have taxed. Hence an affidavit of the travel of a witness should state the place of residence of the witness, and the number of miles he travelled as such witness in going from such place of residence to the place of trial and returning therefrom.

The plaintiffs, being about to enter judgment in this action in the district court for Hennepin county, served their statement of costs with notice for taxation by the clerk. The portion of the statement relating to witness fees was as follows, viz.:

"Witnesses:
"Michael Duffy, 2 days, 4 miles - - - $ 2.24
"W. M. Patterson, 3 days, 600 miles - - 39.00"

To this statement was appended the following affidavit, viz.:

"I, C. H. Benton, on oath say that I am the attorney of the plaintiffs in the above entitled action, and that the foregoing items of disbursements, and each thereof, have been necessarily made or incurred in said action, by plaintiffs: That each of the above named witnesses was a material witness for plaintiffs on the trial of said action, and was duly called, sworn and testified in their behalf on said trial: That each of them actually and necessarily travelled the number of miles in attending said trial and attended the number of days set

opposite his name, and that the copies of records of the Land-Office were used as evidence, and were necessary.

"C. H. Benton.

"Subscribed and sworn," etc.

The defendants filed objections to taxation of costs, the second objection being on the ground "That it nowhere appears in or by said bill of costs, or the affidavit attached thereto, where the witnesses therein mentioned resided at the time of the trial of said cause, or at any other time; and that it does not appear from said bill of costs or said affidavit that either of the witnesses therein mentioned travelled the number of miles therein mentioned, or any other number of miles, from his place of residence to attend the trial of said action."

The defendant's objections were overruled, and costs taxed by the clerk for the plaintiffs for the amount claimed in their statement. On appeal to the court, the clerk's taxation was affirmed by *Koon, J.* The defendant appeals from the judgment.

*W. E. Hale,* for appellant.

*C. H. Benton,* for respondents.

MITCHELL, J. For attendance in any action pending in a court of record, the fees of witnesses are one dollar for each day, and "for travelling, at the rate of six cents per mile in going to and returning from the place of attendance, *to be estimated from the residence of such witness, if within this state, or from the boundary line of this state which such witness passed in coming, if his residence is out of the state.*" Gen. St. 1878, c. 70, § 8. The statute regulating the taxation of costs to be inserted in the entry of judgment provides that "the disbursements shall be stated in detail, and verified by affidavit." Gen. St. 1878, c. 67, § 8. The conclusion to be drawn from all the decisions under this and similar statutes is that it devolves upon the party claiming disbursements to show, by his statement and affidavit, at least *prima facie,* that they are such as he is entitled to have taxed. Hence if a party claims travelling fees for witnesses, his affidavit should state the place of residence of each witness, and the number of miles they respectively travelled as such witnesses for the purpose of going from such place of residence to the place of trial and returning therefrom. No other rule will fairly meet the requirements of the statute, or

effectually guard against overcharges. *Andrews* v. *Cressy,* 2 Minn. 55, (67;) *Osborne* v. *Gray,* 32 Minn. 53, (19 N. W. Rep. 81;) *Ehle* v. *Bingham,* 4 Hill. 595; *Logan* v. *Thomas,* 11 How. Pr. 160; *Wheeler* v. *Lozee,* 12 How. Pr. 446; *Haynes* v. *Mosher,* 15 How. Pr. 216; *Toll* v. *Thomas,* Id. 315; *Taaks* v. *Schmidt,* 25 How. Pr. 340.

Applying these rules to plaintiffs' affidavit, it was clearly insufficient to authorize the allowance of travelling fees of witnesses. It does not state their places of residence. Its only allegation as to their travel is that each of them actually and necessarily travelled the number of miles in attending said trial set opposite his name. This might be literally true, and yet the witness for whom 600 miles' travel is claimed have been a resident of, and subpœnaed in, Minneapolis, and then gone 600 miles from home for some temporary purpose before trial; or he might have been a non-resident, who actually travelled 600 miles in coming to the place of trial, but in doing so passed the line of the state within 20 miles of that place. We therefore think defendant's second objection to the bill of costs should have been sustained.

The affidavit is, in some other respects, rather short, but we are inclined to think that, except as to travel fees for witnesses, it could be sustained.

The cause is remanded to the district court, with directions to modify the judgment by deducting therefrom the travel fees for witnesses, unless the plaintiff shall, upon such terms as the court may fix, file a new affidavit as to the residence and travel of witnesses.