HERMAN F. INDERLIED *et al.*, Appellants, *v.* NICHOLAS WHALEY, Respondent.

*Supreme Court, Fourth Department, General Term, September* 19, 1889.

1. *Costs.    Witnesses' fees.*—An order allowing costs of the term as a condition to the postponement of the trial includes all the disbursements rendered ineffectual by reason of such postponement. Witness' fees paid for that term and recoverable back are a part of such disbursements.

2. *Same.*—To authorize the allowance of witness' fees, the affidavit must show the number of days of actual attendance, and, if traveling fees are charged, the residence of the witnesses, and the distance traveled by each, together with the further fact that the witness was subpœnaed by the affiant and that he paid, or was in some way liable for, the fees.

3. *Same.*—Such fees, *it seems*, may be allowed, without actual attendance, in case there is a reasonable excuse for the non-attendance of the witness.

*Marvins & Hanford,* for appellants.

*W. H. Johnson,* for respondent.

MARTIN, J.—This case was on the calendar of the Delaware circuit held in February, 1889. The plaintiffs applied to the court for a postponement of the trial. This application was granted on terms. The terms imposed were, that the plaintiffs should pay the defendant his costs of the term, to be taxed by the clerk of Delaware county. In pursuance of this order a bill of the defendant's costs and disbursements was prepared by him and taxed by the clerk at the sum of $75.33. Included in the bill as thus taxed was the sum of $65.33 for witness fees. On the taxation the plaintiffs objected to the allowance of such witness fees, on the ground that the affidavits as to such witnesses were insufficient to

authorize the clerk to tax such fees. The plaintiffs' objections were disregarded, and witness fees were allowed. The plaintiffs subsequently moved at a special term for an order to strike from such bill all sums taxed for witness fees, or for such other or further relief as might be just. This motion was denied. From the order denying that motion this appeal was taken.

The court may, as a condition of the postponement of the trial of an action, compel the party seeking such postponement to pay his adversary the fees of his witnesses and other taxable disbursements already made or incurred which are rendered ineffectual by such postponement. Code Civ. Pro., § 3255. The power of the court to impose such terms as a condition of postponement is not questioned in this case.

But the contention here, as it was before the clerk, is that the plaintiffs' affidavits were not sufficient to authorize the clerk to allow such witness fees. If we give to the defendant's affidavits the most favorable construction possible, they were at most to the effect that the persons making the same, neither of whom was the defendant, subpoenaed the witnesses therein named at the places mentioned, where they resided, by delivering to each a subpoena ticket and paying to each a sum stated as and for the traveling fees of such witness in traveling to and returning from the residence of the witness to the place mentioned in the subpoena and one day's attendance as such witness, and that the evidence of the witnesses subpoenaed was necessary and material for the defendant on the trial. The defendant's affidavits utterly failed to state the distance the witnesses severally resided from the place where the trial was to have been had, nor did they state the number of miles that each witness would have had to travel for the purpose of attending such trial. Moreover, the affidavits failed to disclose, except by possible inference, that the witnesses named were subpoenaed for the defendant, and do not disclose that he paid the fees charged or that he was in any way liable therefore.

A charge for the attendance of a witness cannot be allowed without an affidavit stating the number of days of his actual attendance, and if traveling fees are charged, the distance for which they are allowed. Code Civil Pro., § 3267. The affidavit of witnesses must state the residence of each witness and the distance traveled by each. Wheeler *v.* Lozee, 12 How. 446; Hicks *v.* Brennan, 10 Abb. 305; Logan *v.* Thomas & Haly, 11 How. 160; Haynes *v.* Mosher, 15 Id. 216; Taaks *v.* Schmidt *et al.*, 25 Id. 340. We think the affidavits used on the taxation were insufficient to justify the clerk in allowing such witness fees.

We do not think the plaintiffs' contention, that the order to pay the costs of the term did not include the disbursements rendered ineffectual by the postponement of the trial, can be upheld. It is quite obvious that the intent and purpose of the order was to indemnify the defendant for the disbursements incurred in preparing the case for trial at that term, and we think the order should be held to include the witness fees paid out in preparing the case for trial, provided the sums thus paid were rendered ineffectual by the postponement, but that fact should appear by affidavit.

Nor do we think that the plaintiffs' claim, that witness fees can be charged only for such witnesses as actually attended the court, can be sustained. Fees that have been paid a witness on subpœnaing him cannot be recovered back unless the witness, without a reasonable excuse, failed to attend the court in obedience to the subpœna. If the case be settled by the parties after the service of the subpœna, or be put off by the court or the parties, the witness is not bound to refund, though he is then excused from attending. Ford *v.* Monroe, 6 How, 204; Moulton *v.* Townsend, 16 Id. 306; Roth *v.* Meads, 20 Id. 287.

We are of the opinion that the order made on the postponement of the trial that the plaintiffs pay the defendant his costs of the term included the disbursements rendered ineffectual by such postponement; that such witness fees as

were paid by the defendant which could not be recovered back were a part of such disbursements, and that upon filing a proper affidavit they should be allowed. But, as the affidavits used on the taxation before the clerk were insufficient to justify such allowance, the order appealed from should be reversed, and an order granted directing a new taxation of defendant's costs and disbursements before the clerk of Delaware county, and that upon such retaxation either party should have leave to furnish such additional affidavits and papers as they deem proper and necessary.

Order of special term reversed, with ten dollars costs and disbursements on this appeal, and motion for new taxation before the clerk of Delaware county granted, with leave to either party to use upon such new taxation, such further affidavits or papers as they shall deem necessary.

HARDIN, P. J., and MERWIN, J., concurred.

---

NOTE ON " DISBURSEMENTS."

The power of the judge in awarding a sheriff compensation for taking and keeping replevied property must be based upon legal proof. He cannot dispense with all proof on the subject and fix an arbitrary sum, or act upon his own judgment as to what is the proper measure of compensation. Nestor v. Bischoff, 123 N. Y. 517.

The expense of taking the testimony of the original plaintiff during a dangerous illness, where such testimony was necessary to enable her administrator to recover, may be allowed as a disbursement on taxation of costs. Pyne v. Nat. Steamship Co., 44 N. Y. St. Rep. 791.

The expense of stenographer's notes, which have been read pursuant to stipulation, cannot be taxed as a disbursement in a subsequent action, where such notes were procured under an order in a former action, for use in such action, where the order provided for the payment of such expense. Matter of Met. El. Ry. Co., 46 N. Y. St. Rep. 138.

Calendar fees for a special term, which has no calendar, are not taxable. Wright v. Reusens, 60 Hun, 585.

§ 3256 of the Code provides for taxing the reasonable expenses of a commission to take a deposition. Reichel v. N. Y. C. & H. R. R. R. Co., 29 N. Y. St. Rep. 841.

As to when the expense of service by publication on creditors in a foreclosure action, is properly allowable, see Chevers v. Damon, 59 Hun, 619.

The amount paid to the Lawyers' Title Insurance Company for a search in a mortgage foreclosure suit, is not taxable. E. L. Ass. Soc. *v*. Olyphant, 57 Hun, 414; E. L. Ass. Soc. *v*. Hughes, 57 Id. 591.

A search made by the Lawyers' Title Insurance Company cannot be allowed as disbursement. Eq. L. A. Soc. *v*. Hughes, 125 N. Y. 106; 57 Hun, 591.

As to when a referee's fees, in an executor's bill of costs, should not be reduced, see Matter of Reeves, 53 Hun, 637.

A stipulation that the referee may fix the amount of his fees is valid, in the absence of proof that they are excessive, unreasonable or improper. Burt *v*. Oneida Com., 59 Hun, 234.

The mere filing of a paper with the referee on an accounting by an assignee is not a hearing. Jones *v*. Newton, 58 Hun, 604.

The charge by the referee for days when there were adjournments, is proper. Id.

But the charges of the referee, in this case, were held to be excessive. Id.

Before referees' and stenographers' fees can be fixed, statement of time and extent of services should be submitted. Gilbert *v*. Deshon, 61 Hun, 626.

The expense incurred by procuring a copy of a stenographer's minutes, necessary to enable respondent to propose amendments, is a necessary disbursement on appeal. Stevens *v*. N. Y. E. Ry. Co., 58 Supr. 569.

§ 2558 of the Code contemplates that an application for the order shall precede the furnishing of the minutes. Matter of Byron, 61 Hun, 278.

Unsuccessful contestants are not entitled to any costs. Id.

The amount paid to a surety company for furnishing a statutory undertaking is not a taxable disbursement. Bick *v*. Reese, 52 Hun, 125.

The charge for copying the report, opinion of referee and notices of lien is not taxable. Wright *v*. Reusens, 60 Hun, 585.

Witness fees for an expert, in the absence of proof, cannot exceed the general rate for other witnesses. Id.

The defendant has no right to ask the plaintiff's attorney to apply any portion of his allowance to the payment of witness' fees. Pountney *v*. Pountney, 56 Hun, 647.