HENRY M. LAWSON, RESPONDENT, *v.* JAMES HILL AND ANOTHER, APPELLANTS.

*Code of Civil Procedure, sec. 3255 — costs as a condition of the postponement of a trial from one term to another — witness' fees.*

Section 3255 of the Code of Civil Procedure, which limits the imposition of costs, as a condition of adjourning a trial, to ten dollars, besides the fees of witnesses and the taxable disbursements already made or incurred which are rendered ineffectual by the adjournment, applies to the postponement of a trial from one term to another, as well as to a postponement to a later day in the same term.

An affidavit in proof of witness' fees, for which payment is claimed as a condition imposed by an order granting a postponement of a trial, which fails to show when the witnesses named were subpœnaed, their residences, the distance traveled by each, that the party had paid out or become liable for the fees claimed, and that they were rendered ineffectual by the postponement, is insufficient to justify the clerk in taxing such witness' fees.

APPEAL by the defendants James Hill and others from an order of the Oneida Special Term, entered in the Oneida county clerk's office June 11, 1892, denying defendants' motion to review the clerk's taxation of costs under an order adjourning the cause until a subsequent term.

At the circuit, it was ordered "that this case go over this term, and that defendants pay plaintiff, or his attorneys, term fee, and all fees of witnesses subpœnaed to attend this term by or on behalf of the plaintiff, and all taxable disbursements of this term, and that such costs and disbursements be so paid within ten days from taxation or adjustment thereof by the clerk."

The plaintiff subsequently proceeded to have the costs and disbursements awarded by the order taxed by the clerk of Oneida

county. They were taxed at the sum of seventy-six dollars and forty-four cents, of which amount sixty-five dollars and ninety-four cents were for witness' fees. The only proof of disbursements or witness' fees was the affidavit of the plaintiff, which was as follows : "Henry M. Lawson, being duly sworn, says that he is the plaintiff ; that deponent personally served a subpœna in the above-entitled action on the following named persons, at the time and places hereinafter stated, to wit, on Wm. P. Chase, at Rochester, N. Y., one hundred and thirty-four miles from court-house in Utica, N. Y. ; on Wm. Gilmore, at Rochester, N. Y., one hundred and thirty-four miles from court-house in Utica, N. Y.; on Lewis Wells, at Pavilion, N. Y., one hundred and sixty-seven miles from court-house in Utica, N. Y., on Daniel Allen, at Pavilion, N. Y., one hundred and sixty-seven miles from court-house in Utica, N. Y., and on George Tomlinson, at Perry, N. Y., one hundred and ninety-one miles from court-house in Utica, N. Y., for the present circuit term of court now being held at Utica for one day, to wit, May 10, 1892; that each of said persons are material and necessary witnesses for deponent upon the trial of this action, and their fees, respectively, are truly set opposite their respective names, respectively, to the best of deponent's knowledge."

On the taxation the defendants made the following objection, among others, to the taxation: "Third. Defendants object to taxation against them of any of the 'witness' fees' in plaintiff's said bill, on the grounds that the affidavit upon or accompanying the same is insufficient, as a basis, for taxing the amount or amounts claimed; that no affidavit or proof is presented showing, or tending to show or establish that the 'witness' fees' claimed were, or that any part of them was ever, in fact, paid or disbursed by or in behalf of the plaintiff; that no affidavit or proof is presented tending to show or establish that the amount or amounts claimed for witness' fees were ever actually disbursed; that it does not appear by any proofs or affidavit that said alleged 'witness fees' were necessarily incurred as disbursements herein, nor that they were or are reasonable in amount; nor does it appear that each and every of the persons named were necessary and material witnesses for the plaintiff, and nothing was or is specified or stated so showing; that

no item or items of disbursements in a bill of costs can be allowed or taxed unless it or they appear, by affidavit or legal proofs, to have been necessarily and actually incurred, and that no such affidavit, or legal proof is here presented as to the disbursements of 'witness' fees' herein." This objection was overruled by the clerk, and the defendants excepted. Subsequently, the defendants made a motion, at Special Term, to review such taxation, and to have the items objected to stricken from the bill of costs as taxed, which motion was denied.

*S. M. Lindsley*, for the appellants.

*Henry F. & James Coupe*, for the respondent.

MARTIN, J.:

This court held in the case of *Inderlied* v. *Whaley* (26 N. Y. St. Rep., 7) that where the costs of a term were required to be paid by an order postponing a trial, the disbursements rendered ineffectual by such postponement, including witness' fees paid for the term, which could not be recovered back, were a part of such costs. It was also held that, to authorize an allowance for witness' fees in such a case, the affidavit used before the taxing officer must show the residence of each witness, the distance traveled, that the party claiming them had paid, or was liable for such fees, and that the sums paid were rendered ineffectual by such postponement.

Section 3255 of the Code of Civil Procedure limits the power of the court on adjourning a trial to requiring the party applying for the adjournment, as a condition thereof, to pay ten dollars costs, the fees of witnesses and the taxable disbursements rendered ineffectual by the adjournment. (*Kennedy* v. *Wood*, 54 Hun, 14.)

We do not think the respondent's claim that putting the case over the term was not an adjournment within the meaning of section 3255 can be sustained. That that section was intended to apply to postponement of a trial from one term to another, as well as a postponement to a later day in the same term, we have no doubt. Hence, it follows that the conditions imposed could be none other than those mentioned in that section, and the plaintiff did not, by virtue of the order postponing the trial in this case, become entitled to any fees or disbursements, except those mentioned in section 3255.

The important question on this appeal is, whether the affidavit of the plaintiff was sufficient to justify the clerk in taxing the witness' fees allowed. The plaintiff's affidavit failed to show when the witnesses named therein were subpœnaed, and, therefore, failed to show that the fees were a disbursement already paid or incurred when the order to postpone was granted; nor did the affidavit show the residence of the witnesses, the distance traveled by each; that the plaintiff had paid out or become liable for the fees claimed, or that they were rendered ineffectual by the postponement.

We think the plaintiff's affidavit was insufficient to justify the clerk in taxing the witness' fees allowed; that he erred in overruling the defendants' objection to the sufficiency of the plaintiff's affidavit; that the order appealed from should be reversed, an order granted directing a new taxation of plaintiff's costs and disbursements before the clerk of Oneida county, and upon such retaxation either party should have leave to furnish such additional affidavits and papers as he or they may deem proper and necessary.

HARDIN, P. J., concurred; MERWIN, J., not sitting.

Order of Special Term reversed, with ten dollars costs and disbursements of this appeal, and motion for new taxation before the clerk of Oneida county granted, with leave to use upon the new taxation such further affidavits or papers as either party shall deem necessary.