## SUPREME COURT.

### MITCHELL agt. WESTERVELT.

#### COSTS.

Allowed, seven dollars for services after notice of trial and before trial, where a verdict was set aside on payment of the costs of the circuit.

Allowed, fees for the travel of a witness whose family resided in Montgomery county, but whose place of business was in New York, and who came from New York to attend a circuit in Montgomery county, and immediately re_turned.

Where, on a motion, costs are directed to be paid unconditionally, process in the nature of a fi. fa. to collect the same may be issued, if not paid within twenty days, without demand or application to the court.

Where the court can not fix the amount of interlocutory costs to be paid by a party, the clerk may be directed to tax or adjust such costs. And the party in that case, unless otherwise specified in the order, has fifteen days in which to pay them. *Quere*, if to be paid within a certain time as a condition of relief.

*It seems*, that in such case, after the amount is ascertained, collection thereof may be enforced by process in the nature of a fi. fa. without further application to the court therefor, if expressly authorized in the original order. *Quere*, if granted conditionally.

But the mere costs of making or opposing motion, should be fixed by the court. *Quere*, whether the clerk can now tax interlocutory costs.

*Schenectady Special Term, November* 1851. Motion to set aside an execution and two processes in the nature of a fi. fa., and also for retaxation of costs.

This cause was tried and verdict taken for plaintiff at the Montgomery June circuit, 1851, defendant not appearing, and costs were adjusted on notice to defendant's attorney at $58·22, and judgment entered on the 20th day of June. An order to stay proceedings was obtained by defendant on the 18th of June, served by depositing in post office, &c. on the 20th. Notice of motion to set aside the judgment was given for the July special term at Schenectady, but defendant not making it, the court ordered the defendant to pay the "plaintiff $10 costs for appearing to oppose said motion." On the 5th of August, on motion of defendant, an order was granted setting aside the judgment, on paying the "plaintiff within twenty days, his costs of the cir-

Mitchell agt. Westervelt.

cuit" and $10 for appearing to oppose the motion at Schenectady, and $10 costs of that motion, and in case the defendant did not comply with those terms, the motion " was denied with $10 costs." On the 11th of October the plaintiff, on notice, had his costs of circuit taxed or adjusted by the clerk at $42·75, the defendant's attorney making objections to some of the items by affidavit and a letter sent to the clerk. The clerk allowed this item, " after notice and before trial, $7," and for travel of a witness from New York. It appeared that New York was his place of business; that he came to Montgomery county to attend the circuit, and immediately returned; and that he was a material witness in the cause. His family resided in Montgomery county. On the 13th of October, a notice of the amount of these costs of circuit was served by mail on defendant's attorney. On the 18th of October, the costs not being paid, the plaintiff issued an execution on the judgment, and two precepts to collect $10 each.

W. D. WHITE, *for the Motion.*

S. S. ELY, *Contra.*

HAND, Justice.—The plaintiff was entitled to the charge of $7. This was intended as compensation of a notice of trial, issuing subpœnas, &c., preparatory to trial, and is part of the costs of circuit (*Code*, § 307). Fifteen dollars is the allowance for trying the cause, and not for the preparation (5 *How. Pr. R.* 336; 4 *id.* 304). The same pleadings, perhaps, may be used on a second trial, but that does not alter the case. Nor do the provisions of the Code, giving costs where a cause is not reached, or is postponed, apply, when there has been a trial (*Code*, § 307, 314).

Travel of the witness was also properly allowed. Probably, his permanent residence was in Montgomery county, but his place of business, and from which he actually travelled to attend as a witness in this cause, and to which he immediately returned, was New York. This case can not be distinguished from that of Clark vs. Staring (4 *How. Pr. R.* 243). Where Mr. Justice GRIDLEY, allowed the charge.

The precepts to collect ten dollars each, were regular. These

Mitchell agt. Westervelt.

sums were to be paid at all events, and more than twenty days had elapsed, even after the expiration of the twenty days in which the costs of the circuit were to be paid.

The remarks of Mr. Justice PARKER, in Morrison vs. Ide (4 *How. Pr. R.* 304), are not opposed to this view. One precept there, was issued in the wrong court, and the other, for costs not taxed. Formerly, there must have been a personal demand and a motion to the court (2 *R. S.* 535, § 4; 9 *Paige*, 609: 1 *Burr. Pr.* 339). But this was changed by statute (*Laws of* 1840, *p.* 333, § 15).

That act requires orders, awarding costs on granting or denying special motions, to specify the amount of such costs, "and where the order for the payment of costs, or of any sum of money, upon a special motion, is not conditional, a precept to enforce payment of such costs or sum of money, may be issued without any demand or application to the court." That precept was an attachment until the statute of 1847 (*chapter* 390, *page* 491), which prohibited, with certain exceptions, an attachment against the body for interlocutory costs; and provided that " process, in the nature of a *fieri facias* against personal property, may be issued for the collection of such costs, founded on such order of court." This was only a substitution of process against the goods, for that against the body, and did not change the practice in obtaining it. The Code has not made any alteration in this respect (*Code*, § 178, 468, 469, 471. And see Buzard vs. Gross, 4 *How. Pr. R.* 23; 5 *id.* 376). Payment of these two sums of ten dollars each was a part of the conditions of relief, and by default as to them, the defendant lost the benefit of the rule. It follows, that whatever may be the mode of ascertaing the costs of a circuit, the plaintiff was regular in issuing execution. But as there seems to have been a misapprehension of the practice, defendant may still be relieved on terms.

If the defendant had paid the $20, according to Headley vs. Cuyler (10 *Wend.* 593), he was not entitled to twenty days after taxation of the costs of circuit. The rule adopted in that case was very rigid. And in ordinary cases, a party has fifteen days

Mitchell agt. Westervelt.

after taxation to pay the amount (*Rule* 38; Post vs. Haight, 2 *How. Pr. R.* 175; *Old Rule* 60). In this case, both parties seem to have acquiesced in the power of the clerk to tax. If that were not so, the practice in such cases might be a little doubtful. The Code does not say the clerk shall not tax, or "adjust," as it is now denominated, except on final judgment; nor does it establish a complete system in all respects. But the amendment to the judiciary act (*Laws of* 1847, *p.* 645, § 38), prohibits the county clerk taxing costs, except where they shall be limited by law, exclusive of disbursements. And it has been said the clerk has now no power to tax costs (PARKER, J., in Morrison vs. Ide, *supra*, and in Eckerson vs. Spoor 4 *How. Pr. R.* 361). Many of the profession, however, have treated the clerk as a taxing officer, and rule 38 recognizes taxation of interlocutory costs. No doubt the better way is, to fix the amount of the costs, where that can be done; and it would be proper to direct that process issue to enforce payment, which, in that case, could issue of course, after twenty days (Post vs. Haight, *supra*). And, if the sum can not be ascertained conveniently by the court, I have no doubt that it can be referred to the clerk to ascertain or adjust the amount; and I see no reason why the order may not further authorize process to collect the amount so ascertained (People v. Nevins, 1 *Hill*, 154). This, perhaps, would not be regular, where the costs to be ascertained, were granted conditionally (*Laws of* 1840, *p.* 333, § 15).

The defendant has made two motions when relief could have been obtained by one. He must, therefore, pay $10 costs of opposing these motions. And upon paying that and the costs of circuit, and of the two former motions and of the sheriff on the execution and the two precepts, the verdict, judgment, and ex-execution and precepts, must be set aside.

Ordered accordingly.