Pike agt. Nash and another.

---

## SUPREME COURT.

PHILIP PIKE agt. EDWIN B. NASH and another.

Where an issue in a cause is such, (examination of a long account, &c.,) that the plaintiff's attorney must know that according to the ordinary practice of the court, the cause will be *referred* by the court, and where he has been repeatedly requested by the defendant's attorney, before the circuit, to consent to a reference, the plaintiff on succeeding in the cause before the referee, is not entitled to charge for his *witnesses' fees in attending the circuit* at which the cause was referred.

A witness subpœnaed away from his residence, to attend the trial of a cause as a witness, is entitled to his travel fees, to be estimated *from his residence*. And he has a right to demand fees and receive such fees, before he can be compelled to attend.

*Washington Special Term, June,* 1857.

MOTION for retaxation of costs.

The cause was noticed for trial by both sides, at the September circuit, 1856, in Washington county. The action involved the examination of a long account, and was clearly referable. The defendant's attorney wrote to plaintiff's attorney, two or three weeks before the trial, proposing to refer the cause, but received no answer, and again drew his attention to it orally. The plaintiff's attorney, though not absolutely de-

clining, did not absolutely consent, and defendant's attorney served notice of motion to refer, on the Saturday preceding the circuit, on Tuesday following. The plaintiff had subpœnaed his witnesses before this, one of whom resided in the city of New-York. The affidavit of the clerk of the plaintiff's attorney, deposed that the notice of motion, was not served in time to countermand the service of subpœnas. The witnesses actually attended one day. The cause was referred by the court.

On the hearing before the referee, a witness residing in Brooklyn, was subpœnaed at Schuylerville, and on consulting counsel was advised that he was not obliged to attend, unless he was tendered the amount of his travel fees, from his place of residence to the place of hearing at Fort Edward, and refused otherwise to attend. The plaintiff paid him his full travel fees for four hundred miles, being $16. The clerk struck out all the witnesses' fees for attendance at September circuit, and also all the travel fees of the witness subpœnaed at Schuylerville, except for the distance to and from Fort Edward. The plaintiff moves for a re-adjustment.

H. W. NORTHUP, *for plaintiff.*
WAIT & REYNOLDS, *for defendants.*

C. L. ALLEN, Justice. The clerk was right in refusing to allow for the witnesses' fees at the circuit in September, 1856. The plaintiff's attorney knew that according to the course and practice of the court, the cause would be referred. The attorney for defendants, swears that he wrote to the plaintiff's attorney, on the 9th of September, about a fortnight before the circuit, proposing to refer, to which he received no answer; that afterwards, before serving the notice of motion, he saw the plaintiff's attorney, and stated to him, that the issues were such, that the court would probably refer the cause, whether the parties consented or not; and again proposed the reference. The attorney did not positively decline, but postponed agreeing thereto, and defendant finally served his notice of motion on the 19th of September. On the following week,

Pike agt. Nash and another.

when the circuit was held, the defendant's attorney also once proposed to refer the cause on his part, which was not at that time assented to.

Under these circumstances, it is to be presumed that the attorney well knew, that the cause would be referred; and he should have so advised his client; and not have put him to the expense of bringing his witnesses to court, when he had every reason to believe and know that the cause would not be tried.

As to the other item, I think the clerk erred in not allowing travel fees for the whole distance from the witness's place of residence. The witness, it is true, was subpœnaed at Schuylerville, where he was on business, and when he was about to return home. He insisted upon the whole amount of travel fees, from his place of residence, and refused otherwise to attend. It has been decided in this district, in a similar case, that he was entitled to it; and the plaintiff paid him the amount in good faith, and to secure his attendance before the referee. He was detained and prevented from returning home, or it may have been necessary for him to return and come back again. It is unnecessary, however, to dwell upon the question, as the decision already made, must control the present case.

The motion for adjustment must be granted, unless defendant's attorney stipulates in writing, within twenty days, that the clerk may add $14.96, to the amount stricken out from this item, in which case, the motion is to be denied without costs to either party. Order accordingly.