## SUPREME COURT.

William G. Taaks, respondent agt. Theodore Schmidt and others, appellants.

*Double costs,* given by the Revised Statutes, the provision for which has not been repealed by the Code, does not apply to *equity cases.*

A *trial fee* on a reference to take an account, or to ascertain damages, cannot be taxed.

*Witnesses' fees and mileage for parties* can be charged on an affidavit made by them that they attended as witnesses, and would not have attended except for the purpose of being witnesses.

Taaks agt. Schmidt.

An *attorney of record* is entitled to a witness's fee for the day on which he was sworn and testified, *but not to mileage.*

An *affidavit* of the attendance of witnesses should state the *days* on which the witnesses attended. It should also state whether they attended *each time on subpœna, or not,*—the *distance* from the place of residence of each witness to the court-house by the usual modes of traveling. If a *foreign witness,* then the distance from the point where persons coming from his place of residence usually enter the state to the court-house by the *usual route.*

If witnesses do not attend *upon subpœna,* then their *affidavits* must state that they attended *at the request of the party,* for the sole purpose of being witnesses, and *would not otherwise have come to the place where the court was held.*

Where several defendants appear by *two different attorneys* on a reference to ascertain damages, *two bills of costs* are properly allowed. But only one set of witnesses' fees can be taxed for the same witness, unless affidavits are produced showing that the witness *was subpœnaed by both parties,* or if subpœnaed by neither, then that he was *requested to attend by both, and attended on such joint request.* This *affidavit* should be made by the *party* who subpœnaed the witness, or in case of request, by the party who made the request.

*New York Special Term, August,* 1863.

APPEAL by plaintiff from taxation of the two defendants' respective bills of costs, who each appeared by different attorneys, on a reference to ascertain damages.

PLATT, GERARD & BUCKLEY, *attorneys,* and J. W. GERARD, Jr., *counsel for plaintiff.*

I. *As to trial fees.*—The trial fee before Judge Birdseye, referee, is clearly not taxable.

1. The only issue in the case had been disposed of by the judge at special term. This reference was only for an *assessment of damages,* and is analogous to a mere taxation of costs. The section of the Code providing for a trial fee says, that for every trial of an *issue* of law, fifteen dollars, and for the trial of an issue of fact, twenty dollars shall be allowed. Now, an *issue* is defined by section 248, as arising upon the pleadings; and by section 252, a trial is defined to be a judicial examination of those issues. On this reference there was no issue as here defined; therefore no trial, and a trial fee should not be allowed. (*Pardee* agt. *Schenck,* 11 *How.,* 500; *Chapman* agt. *Lemon,* 11 *How.,* 236.)

2. But one trial fee is allowed before judgment. (*Pots-dam & Watertown R. R.* agt. *Jacobs*, 10 *How.*, 454 ;) and one trial fee had already been taxed (*see the taxed bill*) for the trial at special term before Judge GOULD.

II. *As to two bills of costs for the two different attorneys.*— 1. But one bill of costs should be allowed in this action. The only real defendant in this action was Schmidt, the attaching creditor. The other defendants were acting only as the agents of Schmidt, (*i. e.* the sheriff and his deputies.) They were not obliged to defend the suit otherwise than nominally. The merits of the action were with the attaching creditor, Schmidt. The sheriff need not have defended at all, as the action made no claim against him. Their cases were similar ; they were in privity principal and agents, and should have appeared by one attorney. There was no necessity or propriety in making two bills of costs. By section 306, also, the court has a discretion in awarding costs in this case ; also, where parties sever unnecessarily. (20 *How.*, 511.)

III. *As to double costs.*—1. This is a suit *in equity.* The right to *double* costs is a statutory right, applying only to common law actions sounding in damages, and not existing in a suit like this, of an equitable character, where costs do not follow the judgment as a matter of course, but are in the discretion of the court, as it is an action to restrain. (*Code*, § 306.)

2. Double costs are not allowed upon a report of referees. (19 *Wend.*, 225 ; 5 *How. Pr. R.*, 393 ; *R. S.*, vol. 3, part 3, chap. 10, title 1, § 4, *p.* 908, 5*th ed.*)

3. The statute giving double costs has been repealed. (*Hallenbeck* agt. *Miller*, 4 *How.*, 239 ; *Nestle* agt, *Jones*, 6 *id.*, 172 ; *Van Rensselaer* agt. *Kidd*, 5 *id.*, 242 ; *Platt* agt. *Wilson*, 9 *id.*, 375 ; *Moore* agt. *Westervelt*, 3 *Sand.*, 762 ; *Bagner* agt. *Jones*, 1 *Code R.*, 234 ; *Bartle* agt. *Gilman*, 17 *How.*, 1.)

4. At any rate, double costs could not be allowed, as this is not the class of cases enumerated in the section

of the Revised Statutes giving double costs. The section only refers to acts done, or omissions to do a required act by a public officer. This is merely to restrain.

IV. *Witnesses.*—The witnesses here were parties to the suit. The affidavits of attendance of witnesses are manifestly defective.

1. The affidavit should state that the witnesses traveled from their residences to the place where the trial of the cause was had, for the purpose of attending as witnesses. It is not sufficient to state that they attended at court, and the distance traveled from their residences to the place of trial. (4 *Hill*, 595; 5 *How.*, 458.)

2. The affidavits do not specify the days on which the witnesses attended, and cannot be taxed therefore.

V. *Fees of defendants as witnesses.*—1. The fees of the defendants in the action as witnesses cannot be taxed. (*Schermerhorn* agt. *Van Vorst*, 5 *How.*, 458; 11 *How.*, 160.)

2. If it be decided, notwithstanding, that these fees are allowable, yet they cannot be taxed in this action. To authorize the allowance of these fees the parties themselves, not the attorney, must be required to show that they did not attend as parties for the conduct of the trial of the cause, and that the sole purpose and intent of their attendance was as witnesses. (*Logan* agt. *Thomas*, 11 *How.*, 162, *and cases there cited.*) No affidavits of this kind were produced before the clerk, and they cannot be supplied upon appeal. (*Id.*, 11 *How.*, 162.)

VI. *As to taxing witnesses' fees twice—once by each party.*—Witnesses' fees cannot be taxed twice. The statute prescribes the amount to be allowed to a witness for his attendance. The witnesses, whose fees are sought to be charged twice, were only called once. Each attorney has taxed the fees of the witnesses in each bill; whereas only one set of witnesses' fees can be taxed, if at all. There was only one hearing, and the witnesses were examined but once on the hearing before the referee. Disburse-

ments, particularly, cannot be taxed twice. If the witnesses were actually subpœnaed, and the fee paid by both attorneys, then the fees actually paid might be taxed by both. But there is no affidavit or claim that such was done.

FINCKE & LAPAUGH, *attorneys*, and THEODORE C. VERMILYEA, *counsel for defendant*.

BARNARD, Justice. The only authority for allowing double costs is to be found in the provisions of the Revised Statutes, which have been held in this respect not to have been repealed by the Code. Those provisions, however, do not in my view apply to actions in equity.

Double costs cannot be allowed in this case. A trial fee on a reference to take an account or to ascertain damages cannot be taxed. Witnesses' fees and mileage for parties can be charged on an affidavit made by them that they attended as witnesses, and would not have attended except for the purpose of being witnesses. I think the attorney of record is entitled to a witness's fee for the day on which he was sworn and testified, but not to mileage.

The affidavits as to attendance of witnesses are not sufficient.

The days on which witnesses attended should be stated; it should also be stated whether they attended each time on subpœna or not; the distance from the place of residence of each witness to the court-house by the usual modes of traveling should be given. If a foreign witness, then the distance from the point where persons coming from his place of residence to the city of New York usually enter the state to the court-house by the usual route must be given.

If the witnesses do not attend upon subpœna, then their affidavits that they attended at the request of the party for the sole purpose of being witnesses, and would

not otherwise have come to the city, town or village where the court was held, should be produced.

This is a proper case for two bills of costs. But only one set of witnesses' fees can be taxed for the same witness, unless affidavits are produced showing that the witness was subpœnaed by both parties, or, if subpœnaed by neither, then that he was requested to attend by both, and attended on such joint request. This affidavit should be made by the party who subpœnaed the witness, or, in case of request, by the party who made the request. The adjustment must be set aside and a readjustment ordered on the above principles, on which readjustment the affidavits as to the attendance of witnesses may be presented to the clerk.