(Supreme Court, Special Term, New York County. October, 1899.)

COSTS—TRIAL FEE WHERE NO ISSUE.

Where, on an accounting by an assignee for the benefit of creditors, no objections to the account are filed or presented on the reference, a trial fee and costs before notice of trial cannot be taxed, as Code, § 3251, allows a trial fee for the trial of an issue either of law or fact, and section 964 provides that an issue of law or fact can only arise where an answer, demurrer, or reply has been served.

In the matter of the final accounting of Henry A. Vien, as assignee of W. J. Stevens & Co. for the benefit of creditors. On motion for a new taxation of costs. Upon a final accounting by the assignee, the following items were disallowed by the clerk in his bill of costs, viz.: Costs before notice of trial, $25; trial fee, issue of fact, $30; and costs on trial occupying more than two days, $10. The assignee excepted to such ruling, and brought on this motion. Motion denied.

C. F. Swart, for the motion.

Ira Leo Bamberger, opposed.

GIEGERICH, J. While it is the practice on an accounting by an assignee for the benefit of creditors to allow such costs as would be awarded on the trial of an issue of fact in a civil action (In re Rauth, 10 Daly, 52, 56), I fail to perceive upon what theory a trial fee and costs before notice of trial can be taxed where, as is conceded in this matter, no objections to the account were filed or presented upon the reference. No authority has been cited in support of their allowance under such circumstances, and diligent research has failed to discover any. The case of Cohen v. Cohen, 72 Hun, 393, 25 N. Y. Supp. 387, is, to my mind, applicable, by analogy at least, to the questions under consideration. There the defendant had made default in pleading in an action for a divorce, and the court, after taking proof of the matters alleged in the complaint, gave judgment in favor of the plaintiff. The clerk refused to tax a trial fee and costs after notice of trial, and he was sustained by the general term of this department, which said:

"By section 3251 of the Code a trial fee is allowed for the trial of an issue either of law or fact. By section 964 an issue of law or fact can only arise where an answer, demurrer, or reply has been served. There being no answer, demurrer, or reply, no issue of law or fact was joined in this case. The application to the court was a mere application for judgment, and the court simply took proof to determine whether the plaintiff was entitled to judgment."

Applying the reasoning adopted in that case to the matters in controversy, it is clear that the clerk properly disallowed the items in question. The proof presented by the assignee upon the reference was of a mere formal character (see Sup. Ct. Rule 6, subd. 27), and, unless the correctness of an item were challenged by an objection in writing, or upon the cross-examination of the assignee and witnesses called by him, there could be no "trial" within the contemplation of the authorities. Motion for a new taxation denied.