(63 Misc. Rep. 530.)

SMITH v. HUTTON et al.

(Supreme Court, Special Term, New York County. June 16, 1909.)

WITNESSES (§ 29*)—FEES—MILEAGE—"RESIDES"—"GOING TO THE PLACE OF AT-
TENDANCE."

Code Civ. Proc. § 3318, provides that a witness is entitled, if he resides more than 3 miles from the place of attendance, to 8 cents for each mile going to the place of attendance. A witness had an office for the transaction of business in the county and near the courthouse, where he was served with subpœnas, and came daily to his office to attend to business on the very days for which travel fees were sought; but he resided 45 miles from the courthouse in another county. Held, that the word "resides" refers to the place of business in the county, and "going to the place of attendance" has no reference to the distance from the witness' residence to his office, and he was not entitled to mileage from his place of domicile, but only from his place of business.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 67–69; Dec. Dig. § 29.*

For other definitions, see Words and Phrases, vol. 7, pp. 6147–6149; vol. 8, p. 7787.]

Action by John B. Smith against Edward F. Hutton and others, copartners. On motion for a retaxation of plaintiff's costs. Motion denied.

Joline, Larkin & Rathbone (Albert Stickney, of counsel), for the motion.
William F. S. Hart, opposed.

GIEGERICH, J. One of the witnesses, subpœnaed to attend upon the two trials of the action in this county, has an office for the transaction of business within this county and near the courthouse, at which place he was served with the successive subpœnas. Such witness resides, however, in Bay Shore, Long Island, a distance of 45 miles from the courthouse in this county, where the trials were had. The question is whether the two items of mileage, of $3.60 each, were properly tax-

able. The clerk disallowed such items, and this motion for a retaxation has been made by the plaintiff.

The question depends upon the meaning of section 3318 of the Code of Civil Procedure, which provides that a witness, in addition to his fee of 50 cents for each day's attendance, is also entitled, "if he resides more than three miles from the place of attendance, to eight cents for each mile, going to the place of attendance." The question depends, of course, upon the meaning to be given to the word "resides." There seem to be no recent cases upon the point; but in Clarks v. Staring, 4 How. Prac. 243, which was decided before the Code of Civil Procedure went into effect, but upon provisions of the Revised Statutes sufficiently similar to make it useful as an authority, the court held that where the witness was subpœnaed at his temporary residence in New York City to attend a trial at Rome, in Oneida county, his permanent residence being in Whitestown, in that county, he was entitled to his traveling fees from his temporary residence in New York City, instead of from his permanent residence in the county where the trial was had. The court did not seek to find enlightenment in the definitions of the meaning of the word "residence" under the election law, or the insolvent law, or any other law, but remarked that the meaning of the words used in the statute depends upon the subject-matter of the enactment and upon the object and intent of its framers, and that the object of the Legislature in passing the act under consideration was to compensate a witness for traveling to and from the court which he was obliged by the process of the court to attend. With that view I agree, and think that where witnesses have a regular place of business in the county of New York, but their domiciliary residence is in more or less distant suburbs, and daily come to this county and are subpœnaed here, they are not entitled to receive, and the party who subpœnas them is not entitled, to tax, a mileage fee from the place of their domicile. In Mitchell v. Westervelt, 6 How. Prac. 265, the authority of Clarks v. Staring was followed.

The case of Pike v. Nash, 16 How. Prac. 53, relied upon by the plaintiff, is not in conflict with the views above expressed. In that case a witness residing in Brooklyn was subpœnaed while in Schuylerville, Saratoga county, to attend a trial at Ft. Edward, in Washington county. The witness refused to attend unless he was paid the amount of his travel fees from Brooklyn to Ft. Edward, which amount the plaintiff paid him, and which amount the court held was properly taxable. That case is distinguishable from the present one, in that there it did not appear for how long a time the witness was to be in Schuylerville. Still less did it appear that he had an office there for the transaction of business, and was habitually there each day. In cases like the one under consideration I am satisfied that the true intent of the Legislature will be effectuated by holding that the witness is entitled only to a traveling fee from his place of business within the county. Especially should he be thus limited in this case, because here it is undisputed that he came daily to his office for the purpose of attending to his business on the very days for which travel fees are sought to be charged. Under such circumstances the statutory expression "going

to the place of attendance" has no application to the distance from his residence to his office. As to that distance, he was going to his office, and not to the place of attendance.

Motion denied, with $10 costs.