(134 App. Div. 445.)

SMITH v. HUTTON et al.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

WITNESSES (§ 29*)—FEES—MILEAGE.

    Code Civ. Proc. § 3318, provides that a witness, if residing more than three miles from the place of attendance, shall be entitled to 8 cents for each mile going to the place of attendance. Section 3267 requires an af-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fidavit stating the distance for which mileage is allowed in the bill of costs. A witness residing in one county maintained in another county an office for the transaction of business. He went back and forth daily from his residence to his office. He was served with a subpœna at his office for attendance on the court in the county in which the office was situated. *Held*, that he was entitled to mileage from his residence; the practice requiring the affidavit under section 3267 to state the distance from the place of residence of each witness to the courthouse by the route usually traveled.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 67, 68; Dec. Dig. § 29.*]

Appeal from Special Term, New York County.

Action by John B. Smith against Edward F. Hutton and another. From an order of the Special Term (63 Misc. Rep. 530, 117 N. Y. Supp. 374), denying a motion for a retaxation of costs, plaintiff appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

L. B. Garretson (Albert Stickney, on the brief), for appellant.
William F. S. Hart, for respondents.

LAUGHLIN, J. The appeal involves the construction of section 3318 of the Code of Civil Procedure with respect to the mileage to be allowed a witness. The witness resided at Bay Shore, Long Island; but his office was at No. 33 New street, borough of Manhattan, New York, where he daily transacted business. The subpœna was served at his office, and by it he was required in each instance to attend court on a subsequent day. The question is whether his place of business was his residence, within the legislative intent manifested by the section in question. There is no evidence that he slept at his office, or had a house or an apartment, or stopped at a hotel, temporarily or otherwise, within the borough of Manhattan. The learned justice at Special Term was of opinion that the place of business of the witness should be regarded as his residence for the purpose of computing the mileage which the plaintiff is entitled to tax on account of his attendance upon the trial.

The cases upon which the court relied in making this ruling are distinguishable. In Clarks v. Staring, 4 How. Pr. 243, the permanent residence of the witness was in Oneida county, where he was subpœnaed to attend court; but he was at the time engaged in business for some months in the city of New York, which necessitated a temporary residence there, as he could not go back and forth mornings and evenings. The witness was attending his business in the city of New York when the supœna was served, and he was obliged to return there as soon as he could be excused from attending court. The construction given to the statute in that case was that ordinarily a witness is only entitled to mileage from his permanent residence, but that on the facts there presented he was entitled to mileage from his temporary residence. The case of Mitchell v. Westervelt, 6 How. Pr. 265, is distinguishable upon the same ground. No case is cited, and we have

found none, holding that a man's place of business may be deemed his residence under this statutory provision, where the witness did not have a temporary residence at the same place.

In the case at bar the witness had no residence in the borough of Manhattan. The mileage must be figured from the residence of the witness, and the residence must be either his permanent or his temporary place of abode. · If the witness have a temporary residence, where his business is located; from which he is subpœnaed, and to which he must return, then that is his residence for the purpose of ascertaining the mileage to which he is entitled. Here the witness went back and forth daily from his residence to his place of business, and we are of opinion that he was clearly entitled to mileage from his residence, as distinguished from his place of business, where he had no residence. The case of Pike v. Nash, 16 How. Pr. 53, supports this construction. The point there presented for decision was whether a witness was entitled to mileage from the place where he was served with the subpœna or from his place of residence, and it was held that, no matter where service was made, the mileage was to be computed from his residence.

Moreover, section 3267 of the Code of Civil Procedure precludes the taxation for mileage paid to a witness, unless an affidavit is filed, stating the distance for which mileage has been allowed in the bill of costs, proposed for taxation or retaxation, and the practice requires that the affidavit shall also state the distance from the place of residence of each witness to the courthouse by the route usually traveled. Taaks v. Schmidt, 25 How. Prac. 340. It is manifest that such an affidavit cannot be made, unless the place from which mileage is figured is a residence of the witness, either permanent or temporary.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.