(91 Misc. Rep. 119)

### CITY TAX LIEN CO., Inc., v. MURRAY et al.

(Supreme Court, Special Term, Kings County. June 22, 1915.)

1. Costs ⬅⟶157—TRIAL FEE—"TRIAL."

In an action to foreclose a tax lien, a reference or hearing of evidence in court, merely auxiliary to an application for judgment by default for failure to plead, is not a "trial," so that the allowance of a trial fee was improper.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 613–617; Dec. Dig. ⬅⟶157.

For other definitions, see Words and Phrases, First and Second Series, Trial.]

2. Costs ⬅⟶176—ADDITIONAL PARTIES.

Where there were eight defendants, but the judgment roll did not show any affidavit of service on one defendant, an item of $14 for additional defendants served should be reduced to $12.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 701–707; Dec. Dig. ⬅⟶176.]

3. Costs ⬅⟶169—FORECLOSURE OF TAX LIEN—FORECLOSURE SEARCH.

In an action to foreclose a tax lien, an item of $90 for searches, based on a report on title such as a title company issues when it insures a title for the guidance of attorneys in closing the title, was not allowable against the defendant, though proof of the reasonable costs of a foreclosure search by a title company, or of necessary official searches, would be heard.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 652, 653, 657, 658, 663, 759; Dec. Dig. ⬅⟶169.]

4. Costs ⬅⟶189—REFERENCE—STENOGRAPHER'S FEE.

Under Laws 1915, c. 224, providing that the stenographer's fees for taking the minutes and furnishing one copy thereof to an official referee shall be paid by the county, and under Judiciary Law (Consol. Laws, c. 30) § 116, providing that they shall be without expense to the parties, an item of $3 for stenographer's fees in an action to forelcose a tax lien, referred for computation to an official referee, was not allowable against the defendant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 744–749; Dec. Dig. ⬅⟶189.]

Action by the City Tax Lien Company, Incorporated, against William E. Murray and others. On motion by defendant to review taxation of costs. Motion granted.

Joseph Gans, of New York City, for the motion.
Samuel Marion, of New York City, opposed.

BENEDICT, J. [1] This motion, so far as it seeks the retaxation of the plaintiff's bill of costs herein, must be granted. This action was brought to foreclose a tax lien for $51.06, for which amount judgment was awarded to the plaintiff, with costs. The clerk taxed the costs at $200.79, nearly four times the amount of the judgment. All the defendants are of full age.

The allowance of the trial fee was improper. A reference, or hearing of evidence in court, which is merely auxiliary to an application for judgment by default for failure to plead, is not, by the great

weight of authority, a trial. Cohen v. Cohen, 72 Hun, 393, 25 N. Y. Supp. 387; Matter of Vieu, 29 Misc. Rep. 161, 60 N. Y. Supp. 175; Taaks v. Schmidt, 25 How. Prac. 340; Tully v. Eastburn, 1 Month. Law Bull. 74. If Wiggins v. Arkenburgh, 4 Sandf. 688, is an authority to the contrary, it is overborne by the other authorities above cited. Tully v. Eastburn, supra, involved, as does the case at bar, a reference to compute, it being an action to foreclose a mortgage; and the other cases involved proceedings of a similar nature, all illustrating the principle that there can be no trial, so as to entitle plaintiff to a trial fee, unless there is an issue of law or fact, raised by an answer, demurrer, or reply. Cohen v. Cohen, supra.

[2] The item of $14 for additional defendants served should be reduced to $12. Although there were eight defendants, I do not find in the judgment roll any affidavit of service on the defendant Louise H. Murray.

[3] The item of $90 for searches is objected to. The paper annexed to the judgment roll is not a search, but a report on title, such as a title company issues when it insures a title for the guidance of the attorneys in closing the title. I am informed that it is the practice of some title companies in tax lien cases not to issue a foreclosure search, but to examine the title and furnish a report on the same at a minimum charge of $75. I am also informed, however, that at least one title company issues a foreclosure search in such cases at a cost of $25; the ordinary charge in mortgage foreclosure cases being $15. In my opinion, the plaintiff in a tax lien foreclosure suit cannot recover as a disbursement the expense of an examination of the title. If he cannot procure a foreclosure search from a title company, he can obtain official searches, which will answer the purpose. The item in question must therefore be disallowed, and there are no facts set forth in the affidavits from which any other figure could be fixed as a proper charge for searches. I will, however, permit the plaintiff to submit, with his proposed order, proof of the reasonable cost of a foreclosure search by a title company, or of necessary official searches, and will then determine what, if anything, may be allowed for searches in this case.

[4] The item of $3 for stenographer's fees should not be allowed, as the reference to compute was before an official referee, and the stenographer's fees for taking the minutes and furnishing one copy thereof to the referee are required to be paid by the county (Laws 1915, c. 224), and are without expense to the parties (Judiciary Law, § 116).

These are the only items to which exception was taken.

Motion to retax bill of costs granted, with $10 costs of the motion. The amount of the costs will be fixed in the order, which is to be settled on five days' notice. If the plaintiff desires to submit additional affidavits on the question of the amount to be allowed for searches, he must serve copies with his proposed order on the objecting defendant, who may file affidavits in answer thereto.