# SUPREME COURT.

## JOHN CORNELL agt. ISAAC L. POTTER and JACOB B. POTTER.

A *party* to an action who testifies as a witness in his own behalf, under section 399 of the Code, is not entitled to *fees as a witness*. His character as a party, should prevent him recovering fees as a witness against his adversary.

A *witness*, within the meaning of the act of 1840, (which still governs the fees, &c., of witnesses,) is a person whose attendance at the trial cannot be *compelled*, except by serving a subpœna on him and paying him, or tendering him his fees as such.

A party to an action, cannot pay, or become liable to pay, fees to himself, for attending the trial as a witness; and a charge by a party for fees as a witness, for attending the trial and testifying in his own behalf, cannot be properly denominated (what witnesses' fees are,) a *disbursement*. (*Held, that the case of Querissle* agt. *Hilliard*, (3 *Abbott*, 31,) *so far as it conflicts with these views, should not be followed.*)

*Chemung Special Term, February*, 1858.

MOTION by defendants for a re-adjustment of their costs in the action.

The action was tried at the Tioga circuit, in December, 1857, when the jury found a verdict for the defendants.

More than ten days before the trial, the attorneys made a stipulation, to the effect that the parties might be examined, without notice, as witnesses, in their own behalf, before the jury; and upon the trial the defendants were examined as witnesses for themselves, under section 399 of the Code, as amended by the act of April 13th, 1857. They answered separately, but the motion papers did not show the nature of the action, or that either defendant had a separate defence.

The defendants presented their bill of costs to the clerk of Tioga county, with an affidavit that they attended the trial of the action as necessary and material witnesses for each other as well as for themselves; and they swore that each gave evidence for his co-defendant as well as for himself.

Their fees as witnesses amounted to $9.92. The plaintiff objected to the allowance of these fees to the defendants, by

the clerk, and he presented an affidavit made by one of his attorneys, showing that the evidence of the defendants was taken, not in behalf of each other, but for and in behalf of themselves; and that the evidence of each was taken in his own behalf, and not simply in favor of his co-defendant.

The clerk disallowed the defendants' charges for fees as witnesses, and struck the same out of the bill of costs. The defendants made a motion for a re-adjustment of their costs; and insisted that they were entitled to fees as witnesses, notwithstanding the fact that they were parties to the action.

DAVIS & BROWN, *for plaintiff.*
TRACY & WALKER, *for defendants.*

BALCOM, Justice. The only question to be decided on this motion is, whether the clerk should have allowed the defendants fees *as witnesses*, on the adjustment of their costs, in the action against the plaintiff, for attending the trial, and being examined as witnesses in their own behalf.

The fees of witnesses were prescribed by chapter 386 of the Laws of 1840, and they have since remained unaltered. Section eight of that chapter is in these words, viz : " Fees of witnesses : For each witness fifty cents, for each day while attending any court or officer, and if the witness resides more than three miles from the place of attendance, travelling fees at the rate of four cents per mile, going and returning." (*Laws of* 1840, *p.* 331.) When this statute was enacted, a party could not be called as a witness by his adversary, except to testify in cases in which the defence of usury was interposed ; and parties to actions could not then testify at all for themselves.

The language of section 399 of the Code, so far as it is applicable to the question now presented, is, that " a party to an action or proceeding, may be examined *as a witness* in his own behalf, *the same as any other* witness." But neither that section, nor any other, contains any provision that allows a party fees as a witness, for attending a trial and testifying in his own behalf. If a party can recover fees, as a witness, of his adver-

sary, when he testifies and beats his adversary in an action, the above-mentioned section of the Code must make him a witness, when he is examined in his own behalf, within the meaning of the act of 1840.

It would be absurd for a party to take out a subpœna for himself, or have one served on himself, requiring him to appear and testify on the trial of his own action, in his own behalf. A witness within the meaning of the act of 1840, is a person whose attendance at the trial cannot be *compelled*, except by serving a subpœna on him, and paying him or tendering him his fees as such.

Section 399 of the Code would be as effectual and as sensible if its language was, that "a party to an action or proceeding, may testify in his own behalf, touching all matters in dispute therein." The words, that he way be examined "as a witness in his own behalf, the same as any other witness," do not divest him of his character as a party, but only show that he may testify in person, instead of procuring witnesses to do it for him. He is yet a party while acting as a witness. And I think his character as a party should prevent him recovering fees as a witness against his adversary.

It would be useless to lay down a rule that a party can recover fees as a witness, when he attends as such, and not when he attends as a party, although examined as a witness in his own behalf; for parties would be informed of the rule, and attend as witnesses, or would generally swear they attended as such.

I am of the opinion that the provision is a wise one, which allows parties to actions and proceedings, to testify for themselves; but I also think they should not be encouraged, or even tempted, to take the place of witnesses, in cases in which there is no necessity for them to do so, by giving them fees as witnesses, when they testify for themselves, in actions wherein they succeed.

Witnesses' fees are disbursements; and disbursements are expenses paid or incurred by a party or his attorney, in the progress of an action, for postage and printing, the fees of offi-

cers and witnesses. A party to an action cannot pay or become liable to pay fees to himself, for attending the trial thereof as a witness; and a charge by a party for fees as a witness, for attending the trial of an action and testifying in his own behalf, cannot be properly denominated a disbursement.

The conclusion to which I have come is, that the clerk did right in rejecting the charges of the defendants for fees as witnesses for themselves in the action. This conclusion is sustained by the following authorities : *Christy* agt. *Christy*, (6 *Paige Ch. R.* 170 ;) *Perry* agt. *Livingston*, (6 *How. Pr. R.* 404 ;) *Logan* agt. *Thomas*, (11 *id.* 160 ;) and I think the case of *Querissle* agt. *Hilliard*, (3 *Abbott*, 31,) so far as it conflicts with the above conclusion, should not be followed.

The defendants' motion for a re-adjustment of their costs, must be denied, with $10 costs,