## SUPREME COURT.

GEORGE LOGAN and others agt. JAMES BROOKS and others.

Where the parties mutually stipulated that the plaintiffs and defendants might be examined on their own behalf respectively, on the trial of the cause, and one of the defendants on the taxation of costs, made affidavit that he would not have attended the trial but for such stipulation, and did so to answer the testimony of the plaintiff;

*Held*, that the defendant was entitled to *fees as a witness*, although he employed counsel at the circuit to try the cause, and was not himself subpœnaed.

The wisdom of the Code in allowing a party to swear to the cause of action or defence in his own behalf, ought not to be falsified by rejecting his *affidavit* that he attended the trial as a witness.

*Montgomery Special Term, January,* 1859.

MOTION for re-adjustment of costs.

Upon the adjustment of costs in this action, the clerk allowed the defendants (under plaintiffs' objection) the sum of $35.90 for the fees and attendance of the defendant Kimmel, as a witness in behalf of the defendants.

One of the plaintiffs was examined. The parties had mutually stipulated that plaintiffs and defendants might be examined on their own behalf respectively. The defendant Kimmel made affidavit that he would not have attended but for this stipulation, and did so to answer the plaintiff's testimony, but he did not bring his attorney from New-York with him, but employed counsel at the Montgomery circuit to try his cause, and was not subpœnaed.

" We agree that Judge ROSEKRANS may decide upon the within statement whether the defendants were entitled to the disbursements charged for the fees of the defendant Kimmel, and that his decision thereon be entered as of a special term of his court, January 17th, 1859.

" JAMES L. PHELPS, JR, *defendants' attorney.*

" H. SACIA, *plaintiffs' attorney.*"

Logan agt. Brooks.

ROSEKRANS, Justice. The defendant was a witness for himself. The statute allows a party who is successful in the suit the fees of his witnesses. The letter of the statute justifies the allowance, and I can see nothing in its spirit to exclude it. This construction may lead to abuses, as did the early practice under the statute, before parties could be sworn in their own behalf. This was corrected by requiring an affidavit of the materiality and necessity of witnesses, and under that rule, when the affidavit was made, and it was apparent that a greater number were subpœnaed than was necessary, for the purpose of enhancing the costs, the court and its taxing officers disallowed the charges for such witnesses. The reasoning of Lord CAMPBELL in *Howes* agt. *Barker*, (10 *E. L. & Eq. Rep.* 467,) and the rule he established, seem to me to be correct ; under it all abuse may be prevented. If a party can be sworn as to the cause of action or defence, I think he is equally entitled to credit when he makes an affidavit as to his attendance as a witness. The defendant brought himself within the rule of *Howes* agt. *Barker*, and had the defendant in *Logan* agt. *Thomas*, (11 *How. P. Rep.* 160,) presented to the taxing officer the affidavits read on the appeal from the taxation, I think Mr. Justice BOWEN would have adopted the same rule. The question is one which should be definitely settled by general rule of the court or at general term, and for that purpose, I shall hold that the adjustment by the clerk is correct. There is a clear distinction between the cases arising under the Code and that in 6 *Paige Rep.* 170. I have not access to 3 *Abbott's Reports.*

The motion for re-adjustment is denied.