## NEW YORK SUPERIOR COURT.

Isaac H. Bronner and others agt. Samuel Frauenthal.

Where a *party* attends the trial of a cause, and is sworn as a witness in his own behalf, he is entitled to *witnesses' fees*, for travel and attendance, on producing *his own affidavit* that he attended the trial *only as a witness*, and not in any respect as a party. (*The several conflicting decisions on this question adverted to.*)

*New York Special Term, March*, 1861.
Appeal from taxation of costs.

Hull & Conable, *for plaintiffs*.
F. S. Stalknecht, *for defendant*.

White, Justice. This is an appeal from the taxation or adjustment by the clerk, of the plaintiffs' costs in this action.

Two of the plaintiffs, Seckel Bronner and Bernhard Bronner, attended and were sworn on the trial of this action, as witnesses for the plaintiffs; and the plaintiffs claimed to be allowed in their bill of costs, nine dollars for the attendance of Seckel Bronner, and fifty dollars and eighty-eight cents for the attendance of Bernhard Bronner, including his travel fees in coming from Syracuse to New York to attend the trial, and returning.

The objection is taken on the part of the defendant, that fees as for a witness cannot be allowed to a party who is sworn and testifies in the action in his own behalf. This I believe is the first time that this question has been presented to this court. It has been several times before the supreme court, in different judicial districts of the state, and the decisions upon it have been conflicting. In *Cornell* agt. *Potter*, (15 *How.*, 278,) Justice BALCOM, at a special term of the supreme court, in the sixth district, decided that a party sworn and attending on a trial, in his own behalf, should not be allowed fees for himself as a witness. He places his decision, in principle, upon the theory that a witness, within the meaning of the statute, is only a person whose attendance cannot be compelled except by service of subpœna, &c.; and he also places it upon a general principle, that his character as party ought to be deemed sufficient to exclude him from claiming compensation as a witness, even when he attends the trial solely as a witness, and not in any respect as a party. Parties, the learned judge fears, would be tempted to commit perjury, and swear that they attended only as witnesses, if they had the temptation of witnesses' fees presented to them. This apprehension, however, the legislature has not recognized, when allowing a party to be a witness in his own behalf; and I think when it is not deemed sufficient to exclude a party from testifying in his own favor upon the merits, it should not prevail upon this minor question of costs or disbursements in the action.

To the same effect with the above authority, is the decision of Justice SMITH, at special term, in the seventh judicial district of the supreme court, in *Case* agt. *Price et al.* (17 *How.*, 348;) and in giving his decision on that occasion, Judge SMITH stated that it had been so held in another case in which the same question was presented, at a general term of that district. But it does not appear from the report of this case, in the seventh district, that it had been shown that the party attended only as a witness, and not as a party.

Contrary to the above decisions, I find several reported cases in favor of the allowance of witness fees to the party sworn in his own behalf. I shall merely refer to them by citation. They are: *Querissle* agt. *Hilliard*, (3 *Abbott*, 31,) in the first judicial district of the supreme court; *Logan* agt. *Brooks*, (17 *How.*, 29,) in the third judicial district, same court; *Walker* agt. *Russell*, reported in a note, (7 *Abbott*, 452,) supreme court, special term, sixth district; *Rogers* agt. *Chamberlain*, (7 *Abbott*, 452,) in the New York common pleas; and in *Logan* agt. *Thomas*, (11 *How.*, 160.) The rule contended for by the plaintiffs on the present motion is not denied; and in England, in *Howes* agt. *Barber*, (10 *Eng. Law and Eq. Rep.*, 465,) the same rule was established; that is, that a party, upon making the necessary proof that he attended the trial only as a witness, and not in any respect as a party, should be allowed witness fees for his travel and attendance; and this, in my judgment, is the correct rule. I think, however, that the affidavit of the party himself should be required in all such cases in addition to any other proof that may be offered; for no one but the party himself can swear positively or conclusively to the fact that he was not attracted by his interest in the cause, to attend at the trial. His own affidavit should be deemed sufficient; but that ought not to be dispensed with.

In this case Bernhard Bronner does not furnish his own

affidavit that he attended only as a witness. When he does so the charge of fifty dollars and eighty-eight cents should be allowed for his fees as a witness; and upon the present papers the charge of nine dollars for Selleck Bronner should be allowed. I will only further remark, that the establishment of the rule above stated, in this court, will also have the effect to render the practice on this subject uniform in all the courts in this city.