## SUPREME COURT.

### SMITH STEERE, JR. agt. ALANSON MILLER.

A *party* is not entitled to *fees as a witness* of his adversary, where he succeeds in the action, for testifying in his own behalf, notwithstanding he makes an affidavit that he would not have attended the trial but for the purpose of being such witness. (*The several reported conflicting decisions on this question referred to as irreconcilable.*)

*Broome General Term.*
*Argued November,* 1864. *Decided January,* 1865.
*Present,* PARKER, MASON *and* BALCOM, *Justices.*

APPEAL by plaintiff from an order made at the September special term of this court, at Norwich, Chenango county, 1864, denying his motion for a readjustment of defendant's costs.

The action was tried before a referee at Norwich, who decided that the plaintiff was not entitled to recover, and that the defendant was entitled to a judgment against the plaintiff for costs. The costs were adjusted by the clerk of Chenango county, who allowed the defendant $21.96 fees, as a witness in the cause in his own behalf. This item was objected to on the ground that a party is not entitled to fees as a witness. But the clerk overruled the objection. The defendant presented his affidavit to the clerk on the adjustment of the costs, in which he stated he resided at Buffalo, 262 miles from Norwich; that he attended as a witness in his own behalf on the trial of the action before the referee two days; that he was a material and necessary

Steere agt. Miller.

witness in his own behalf in said action, and without his testimony he could not safely proceed to trial therein; that he attended the trial not as a party but solely as a witness, and should not have attended the same had his attendance not been required as a witness; that for the purpose of attending the trial as a witness in his own behalf, he actually traveled from Buffalo to Norwich and back, a distance of five hundred and twenty-four miles.

The plaintiff made a motion at the aforesaid Chenango special term of this court, for a readjustment of the costs in the action, and that the charge of $21.96 fees of defendant as a witness in his own behalf, be struck out on the ground that a party is not entitled to witness fees for himself, it not being a disbursement in the cause, &c. The motion was denied, with $10 costs, and the plaintiff appealed from the order denying such motion to the general term of this court.

Isaac S. Newton, *for plaintiff.*
S. S. Merritt, *for defendant.*

Balcom, J. I held in *Cornell* agt. *Potter* (15 *How. Pr. Rep.* 278), that a party to an action who testifies as a witness in his own behalf, under section 399 of the Code, is not entitled to witness' fees as costs in the action, when he beats his adversary, and the reasons I assigned for this conclusion in that case, are yet controlling with me. The fees of witnesses are disbursements, and a party cannot pay or become liable to pay fees to himself as a witness, and hence he has no claim for fees as a witness for himself, on the ground that they are disbursements in the action.

A party attends the trial of an action as a party, though he be sworn as a witness therein in his own behalf. He does not attend in obedience to a subpœna, nor at the request of any party as a witness. He goes to the trial on his own motion as a party, and testifies as such, though in name

and form "the same as any other witness." Parties are prohibited by statute from recovering fees for the attendance of their attorneys or counsel as witnesses, on the trial of a cause (2 *R. S.* 651, § 15). There would be abuses of the process of subpœna, if a party could recover fees for the attendance of his attorney or counsel as a witness on the trial of his cause, upon an affidavit that the attorney or counsel would not have attended the trial except for the purpose of being a witness for his client.

I remarked in *Cornell* agt. *Potter*, that " it would be useless to lay. down a rule that a party can recover fees as a witness when he attends as such, and not when he attends as a party, although examined as a witness in his own behalf, for parties would be informed of the rule and attend as witnesses, or would generally swear they attended as such." And I now venture the assertion that in districts where the suggested rule has been adopted, very few successful parties to actions have testified as witnesses for themselves, without making affidavits that they attended the trial of their actions as witnesses and not as parties, and that they would not have attended at all but for the necessity of being witnesses for themselves. Yet we all know that parties seldom permit their causes to be tried without attending the trial in person, to advise with their counsel and aid them by suggestions on the examination and cross examination of the witnesses.

The rule that permits a party to recover fees as a witness for testifying in his own behalf, when he swears he attended as a witness and not as a party, &c., is wrong in principle and vicious in practice. It would be much better to allow parties who testify for themselves to recover fees as witnesses of their adversaries, without requiring them to swear as above stated, than to allow them to recover such fees upon affidavits that they would not have attended the trials of their causes but for the purpose of being witnesses for themselves. But in my opinion such a rule

should not be established by the courts. If parties ought to recover fees as witnesses of their adversaries, I think the legislature should pass an act to enable them to do so, for I do not believe a correct interpretation of existing laws entitles them to recover such fees.

It can hardly be said that the decision of Justice CAMP-BELL, in *Walker* agt. *Russell* (16 *How. Pr. Rep.* 91), is in conflict with the above conclusion. My conclusion is certainly sustained by the following cases, viz.: *Christy* agt. *Christy* (6 *Paige Ch. R.* 170); *Perry* agt. *Livingston* (6 *How. Pr. R.* 404); *Logan* agt. *Thomas* (11 *Id.* 160); *Case* agt. *Price* (9 *Abb.* 111); *S. C.,* (17 *How. Pr. Rep.* 348). The following decisions have a contrary bearing, viz.: *Querissle* agt. *Hilliard* (3 *Abb.* 31); *Rogers* agt. *Chamberlain* (7 *Id.* 452); *Logan* agt. *Brooks* (8 *Id.* 127); *S. C.* (17 *How. Pr. Rep.* 29); *Hanna* agt. *Dexter* (15 *Abb.* 135); *Taack* agt. *Schmidt* (25 *How. Pr. Rep.* 340); *Bonner* agt. *Frauenthal* (20 *Id.* 255); *S. C.* (12 *Abb.* 183); *Howes* agt. *Barber* (10 *Eng. L. & E. Rep.* 465). I shall not comment upon or review these cases. They are irreconcilable. The court of appeals must determine which are correct. But I must adhere to my conclusion expressed in *Cornell* agt. *Potter,* that a party is not entitled to fees as a witness of his adversary when he beats him, for testifying in his own behalf, simply because he afterwards swears that he did not attend the trial of the cause as a party, and would not have attended it at all but for the purpose of being a witness in his own behalf. And if my brethren should agree with me, this will be the rule in the sixth district unless the court of appeals should hold adversely, and the order appealed from in this case will be reversed with $10 costs, and an order will be granted directing the clerk of Chenango county to readjust the costs in the action by striking out the charge of $21.96 fees of the defendant for attending the trial and testifying as a witness in his own behalf, and that the plaintiff have $10 costs of his motion for the readjustment.

PARKER, J.   Upon taxation of costs in this case the defendant was allowed fees as a witness in his own behalf, it appearing by his affidavit that he attended the trial solely as a witness, and would not have attended had his attendance not been required as a witness.   The plaintiff moved at special term for a readjustment, which was denied, and he now brings the question here upon appeal.

The authority upon which witness' fees are allowed to a party to an action against his adversary, is found in section 311 of the Code, which is as follows : " The clerk shall insert in the entry of judgment, on the application of the prevailing party   *   *   *   the sum of allowances for costs as provided by this Code, the necessary disbursements, including the fees of officers allowed by law, the *fees of witnesses*, the reasonable compensation of commissioners in taking depositions, the fees of referees, and the expense of printing the papers for any hearing when required by a rule of the court.   The disbursements shall be stated in detail and verified by affidavit."   The rate at which witnesses' fees are chargeable, is fixed by the act of 1840 (*Session Laws* 1840, 331), and this merely provides how much the witness is entitled to receive of the party for whom he attends the trial, and does not make the amount chargeable in favor of one party against the other.   The witness is entitled to fifty cents for each day's attendance, and traveling fees at the rate of four cents per mile going and returning, and this he can recover of the party at whose instance he attends the trial, and of him alone.   These are what is meant by " the fees of witnesses," in the section of the Code above quoted.   As between party and party, it is only as a disbursement paid by a party to his witnesses, that witnesses' fees are allowable.   Unless a party has paid, or becomes liable to pay fees to a witness, he is not entitled to recover them, and the fact of such payment or liability must appear by affidavit.   Now although a party has attended the trial of his own cause as a witness merely, it

does not follow as a matter of necessity that he has paid out or become liable to pay in such attendance the sums allowed by law to witnesses, and if he is ever allowed to charge his opponent, with witnesses' fees for such attendance, it can be only on its being shown specifically in his affidavit that he has paid out or become liable to pay in such attendance the sums charged. In this case there is no proof that the defendant paid out anything; that it cost him a single cent to attend the trial; and in the absence of such proof I am unable to see any pretence under which it can be claimed that there has been any *disbursement* of witnesses' fees.

But I do not wish to rest my decision upon this ground. In view of the fact that witnesses' fees are allowable only as disbursements, I think a party who attends and is sworn in his own behalf, cannot, in any case, be allowed to recover fees for such attendance. Such fees in that case are not a disbursement made by a party to the witness, which is plainly what the statute contemplates. As was said in *Cornell* agt. *Potter* (15 *How.* 281), " a party to an action cannot pay or become liable to pay fees to himself for attending the trial thereof as a witness, and a charge by a party for fees as a witness for attending the trial of the action and testifying in his own behalf, cannot be properly denominated a disbursement." Grant that he is put to expense equal in amount to what the fees of a witness for the same service would be, that expense is not distinctively witnesses' fees; it is the personal expense of the party to the action merely. Bearing in mind that " witnesses' fees " are an allowance which the witness is entitled to receive from the party in whose behalf he attends the trial, and that he has no claim on the opposite party for them, it is manifest that no witnesses' fees accrue in such a case. There is no such thing as witnesses' fees chargeable by the witness to the party against whom he is called to attend the trial and testify; and yet what is claimed as witnesses'

Steere agt. Miller.

fees by the defendant in this case, is precisely such a charge; the primary and only claim for them is upon the plaintiff, the party against whom the attendance of the so called witness was had. The entire theory of the statute is contravened by allowing them.

Although there have been numerous decisions of this question at special term which were cited upon the argument, still they are so conflicting as to avail nothing as authorities, and although I find no reported decision made at any general term, yet it appears from a remark of Judge SMITH, in *Case* agt. *Pierce* (17 *How.* 353), that in the seventh district it has been held at general term that witnesses' fees are not recoverable by parties in such cases; while in the third district, according to 2 *Tiff. & Smith's Pr.* 439, the question has received a contrary decision. The question therefore is to be regarded as an open one, and we are remitted to first principles in its decision. It seems to me that a just construction of the statute leads to the conclusion that the fees in question are not allowable, and I am the better satisfied with this conclusion because I think the contrary one would lead to abuse of the privilege accorded to parties to become witnesses in their own behalf. However wise the provision which accords that privilege may be, I think no one who has observed the almost invariable contradiction between the statements of opposite parties made upon the stand as witnesses, will fail to deprecate the additional motive of fees to draw them to the stand. I think as a matter of principle, parties should not be allowed fees as witnesses, and am of the opinion that no such allowance is warranted by the statute.

The order appealed from should be reversed.

MASON, J., concurred.

Decision as stated in the conclusion of the opinion of Justice BALCOM.