### ROUNDTREE et al. v. REMBERT.

(Circuit Court, D. South Carolina.    January 4, 1896.)

1. PARTY AS WITNESS—FEES.
   A party called and examined as a witness on his own behalf is not entitled to fees for travel and attendance.

2. COSTS—COPIES OF TESTIMONY.
   The expense of copies of testimony taken de bene esse, obtained solely for the convenience of counsel, cannot be taxed as part of the costs, in the absence of an agreement to that effect.

Action by R. H. Roundtree & Co. against E. E. Rembert.    Heard on exceptions to the taxation of costs.

Mordecai & Gaasden, for plaintiffs.

Lee & Moise, for defendant.

SIMONTON, Circuit Judge.    This case comes up upon exceptions to the taxation of costs.    The defendant gained his case. He was examined as a witness in his own behalf.    He now claims mileage and per diem for his attendance as a witness.    The clerk disallowed it.    Defendant excepts.    No affidavit accompanies his exceptions to the taxation, that his travel to and attendance at the court were solely for the purpose of testifying in the case, and not to assist in the management of the case.    This affidavit was

considered necessary by Judge Severens in Tuck v. Olds, 29 Fed., at page 883, quoted by counsel. The decisions of the United States courts are not harmonious on this point. In Nichols v. Brunswick, 3 Cliff. 88, Fed. Cas. No. 10,239, Justice Clifford, on circuit, held that a party called and examined as a witness on his own behalf is not entitled to fees as a witness for travel and attendance. In The Elizabeth & Helen, 4 Ben. 101, Fed. Cas. No. 4,354, Blatchford, J., held the same rule binding on him, quoting Steere v. Miller, 28 How. Prac. 266, approved in the New York court of appeals. 30 How. Prac. 7. The case quoted above from Judge Severens holds to the contrary, provided the affidavit be filed. The question never has come up in this court. But the reasons given by Mr. Justice Clifford seem conclusive:

"When a party is called and examined in his own behalf, he is not entitled to travel and attendance as a witness. He may be sworn, or not, in his own favor, at his election, but he cannot claim compensation for doing what he may omit if he sees fit. In other words, the law gives him the privilege to introduce his own testimony, if he sees fit, but he cannot require the opposite party to pay him for exercising the privilege which the law confers."

Fees to witnesses owe their origin to a period when none but disinterested parties could be witnesses. When, therefore, a person was compelled by the process of the court, or could be so compelled to leave his business and attend the court for the purpose of testifying in a matter in which he had no interest, fair dealing required that he should be indemnified for the expense at which he was put,—going, staying, and returning. But a party to the cause, either plaintiff or defendant, going to testify in his own behalf, does not come within the reasons of this rule. The exception is overruled.

Another exception is the disallowance of the fee paid for a copy of the testimony taken de bene esse. By consent, counsel on both sides were allowed to obtain a copy of the testimony taken in New York. Properly, this is no part of the costs of the case. The copies were solely for the convenience of counsel. In the absence of any agreement that it should be included in the costs, that cannot be done. Counsel for the plaintiffs deny that there was any such agreement, and no stipulation in writing to that effect is in the record. The exception is overruled.